UNITED STATES of America, Plaintiff,

v.

Samuel Benjamin FELDMAN, True Name—Irving Gilinsky, Defendant.

Cr. No. 750.

United States District Court D. Nevada.

Feb. 20, 1964.

John W. Bonner, U. S. Atty., Melvin Close, Jr. and Robert S. Linnell, Ass't. U. S. Attys., Las Vegas, Nev., for plaintiff.

Raymond E. Sutton, Las Vegas, Nev., for defendant.

ROGER D. FOLEY, Jr., Chief Judge.

### ORDER

A four-count indictment [1] was returned against the Defendant in the United States District Court, Western District

---

1. COUNT I—That on or about April 11, 1961 at Seattle, Washington, within the Northern Division of the Western District of Washington, SAMUEL BENJAMIN FELDMAN did, with unlawful and fraudulent intent, wilfully cause to be transported in interstate commerce, to wit, from Seattle, Washington to Newport, Kentucky, a falsely made and forged security, to wit, a check dated April 11, 1961 in the amount of $383.83 drawn on the American National Bank of Newport, Kentucky, the purported maker of said check being Robert D. Leggett, knowing said check to be falsely made and forged. All in violation of Title 18, U.S.C. §§ 2 and 2314.

COUNT II—That on or about April 11, 1961, at Seattle, Washington, within the Northern Division of the Western District of Washington, SAMUEL BENJAMIN FELDMAN did, with unlawful and fraudulent intent, wilfully cause to be transported in interstate commerce, to wit, from Seattle, Washington to Newport, Kentucky, a falsely made and forged security, to wit, a check dated April 11, 1961 in the amount of $100.00 drawn on the American National Bank of Newport, Kentucky, the purported maker of said check being Robert D. Leggett, knowing said check to be falsely made and forged. All in violation of Title 18, U.S.C. §§ 2 and 2314.

COUNT III—That on or about April 11, 1961 at Seattle, Washington, within the Northern Division of the Western District of Washington, SAMUEL BENJAMIN FELDMAN did, with unlawful and fraudulent intent, wilfully cause to be transported in interstate commerce, to wit, from Seattle, Washington to Newport, Kentucky, a falsely made and forged security, to wit, a check dated April 11, 1961 in the amount of $150.00 drawn on the American National Bank of Newport, Kentucky, the purported maker of said check being Robert D. Leggett, knowing said check to be falsely made and forged. All in violation of Title 18, U.S.C. §§ 2 and 2314.

COUNT IV—That on or about April 11, 1961, at Seattle, Washington, within the Northern Division of the Western

of Washington, Northern Division. The case was transferred to this District under Rule 20, F.R.Cr.P. Counsel was appointed by this Court when Defendant first appeared.

The Defendant entered a plea of guilty to each of the four counts of the indictment on January 28, 1963. This Court accepted the guilty pleas and adjudged the Defendant convicted on each of the said four counts.

On February 19, 1963, the Defendant was sentenced to ten (10) years imprisonment for each of the four counts. The sentences for Counts I, II and III were to run consecutively and the sentence for Count IV was to run concurrently with the sentence for Count I.[2]

On November 1, 1963, the Defendant filed herein a paper entitled "Motion to Vacate Illegal Sentence". The motion was made under Rule 35, F.R.Cr.P. to correct what Defendant had alleged to be an illegal sentence. The motion reads in part:

"(1) The accusations contained in Counts 1, 2, 3 and 4 of the indictment transferred from the United States District Court for the Western District of Washington, Northern Division numbered Cr. 750 fail to contain a fact not contained in each other and proof of one count of the said indictment would prove all.

"(2) The accusations contained in each of the four counts of said indictment numbered Cr. 750 charge but a single indentical offense with a single intent and purpose committed simultaneously and continuously

with each other and constitute but one interstate transportation.

"(3) The transportation of four forged fraudulent securities (checks) in interstate commerce at the same time, with the same purpose and intent in a simultaneous and continuous transportation constitute but a single offense under the provisions of 18 USC 2314.

"(4) The statutory sentencing power and jurisdiction of the Court made and provided by 18 USC 2314 is limited to imprisonment for a term of not more than ten (10) years for a single offense.

"(5) Each count of the four count indictment numbered Cr. 750 transferred from the United States District Court for the Western District of Washington charges in identical words and language the same offense of interstate transportation of forged securities except for a different sum of dollars and cents limiting the power and jurisdiction of the court to a single sentence."

Ascertaining that the Defendant was present in Las Vegas, Nevada, on a writ of habeas corpus ad testificandum, this Court ordered the Defendant brought before it on November 15, 1963, and again appointed counsel for the Defendant. At that time, the Court requested counsel for the Government and the Defendant to determine and advise the Court whether or not a hearing was required and whether or not the evidence the Government would have offered had the Defendant been tried should be consid-

District of Washington, SAMUEL BENJAMIN FELDMAN did, with unlawful and fraudulent intent, wilfully cause to be transported in interstate commerce, to wit, from Seattle, Washington to Newport, Kentucky, a falsely made and forged security, to wit, a check dated April 11, 1961 in the amount of $50.00 drawn on the American National Bank of Newport, Kentucky, the purported maker of said check being Robert D. Leggett, knowing said check to be falsely made and forged. All in violation of Title 18, U.S.C. §§ 2 and 2314.

2. On February 15, 1964, under authority of Rule 36, F.R.Cr.P., a clerical error appearing on the judgment and commitment (C.R. Form No. 25) was corrected, changing the language " * * * as to Count IV to run concurrently with Count III * * *" to read " * * * as to Count IV to run concurrently with Count I. * * *" A like correction was made in the stenographic transcript of record. These corrections were made by the Court on its own motion, without notice.

ered by the Court in ruling on Defendant's motion.

After examining the authorities cited by Defendant and the Government and from its own research, the Court finds that it need consider only the record in this case. A hearing is not required in order to dispose of the motion.

The Defendant cites and relies upon three cases: Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75, the case below 287 F.2d 657 (5 Cir. 1961); Russell v. United States, 297 F.2d 938 (5 Cir. 1962).

In Bell, the Defendant had plead guilty to two counts, charging him with violation of the Mann Act, 18 U.S.C. § 2421. Speaking through Mr. Justice Frankfurter, the Supreme Court held that the single act of transporting two women on the same trip in the same vehicle constituted but one offense. The Court conceded that Congress could have made the acts charged separate offenses, but stated that where the intent of Congress was not clear, doubt should be resolved in favor of the Defendant.

The Court said, in part, at page 83 of 349 U.S., at page 622 of 75 S.Ct., at page 910 of 99 L.Ed.:

"It is not to be denied that argumentative skill, as was shown at the Bar, could persuasively and not unreasonably reach either of the conflicting constructions. About only one aspect of the problem can one be dogmatic. When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. This in no wise implies that language used in criminal statutes should not be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read. Nor does it assume that offenders against the law carefully read the penal code before they embark on crime. It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes."

"Reversed."

In Castle, the defendant had been indicted, was tried and convicted of five counts of violating Title 18 U.S.C. Section 2314. The defendant was charged with knowingly and unlawfully transporting, with fraudulent intent, five falsely made and forged American Express money orders in interstate commerce from Indiana to Texas, knowing that the money orders had been falsely made and forged. The evidence revealed that the defendant, himself, personally transported the money orders from Indiana to Texas, where he was arrested in possession of the money orders described in each of the five counts of the indictment.

The District Court and the Court of Appeals for the Fifth Circuit both held that the transportation of each of the money orders was a separate offense.

The Supreme Court granted certiorari and stated:

"We are in agreement with the representations of the Solicitor General that, under the principles announced in Bell v. United States, 349 U.S. 81 [75 S.Ct. 620, 99 L.Ed. 905], the pe-

titioner was guilty of but a single offense under 18 U.S.C. § 2314. In light of such representations and upon consideration of the entire record, the judgment is vacated and the case is remanded to the Court of Appeals with instructions to remit to the District Court for resentencing in accordance with this opinion."

Russell offers no assistance. There, the Fifth Circuit held that the sentence should be vacated and issued its mandate remanding the case for sentencing, citing the Castle case. The facts are unknown.

The Government has brought to the Court's attention Kessel v. United States, 303 F.2d 563 (8 Cir. 1962). The defendant plead guilty to a six-count indictment, charging that he transported in interstate commerce falsely made, forged and counterfeited money orders, and received a sentence on each count. The defendant contended that the transportation of the six money orders constituted only one offense.

On a prior appeal in this same case (281 F.2d at Page 809), the Eighth Circuit had held that:

"[N]otwithstanding the six securities were transported on one trip and at one time by appellants, (defendant and his co-defendant) each security so transported constituted a permissible unit of prosecution."

But, on a second appeal, the Eighth Circuit concluded as follows:

"Since our former opinion, 8 Cir., 281 F.2d 805, August 10, 1960, the Supreme Court of the United States resolved the question in Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75, by holding that simultaneous transportation of more than one falsely made money order constitutes but a single offense under Title 18 U.S.C.A. § 2314. In light of Castle, supra, and inasmuch as it plainly appears that appellants

are seeking relief under Rule 35, Federal Rules of Criminal Procedure, we vacate the order of the district court, and remand the cause for correction of the illegal sentences involved."

The Government also cites Strickland v. United States, 214 F.Supp. 640 (1963) E. D. Missouri, 1963. Here, the defendant plead guilty to a three-count information. The court had before it the question of whether counts 2 and 3 charged but one offense. The court described the two counts as follows:

"The information in Count 2 charges that on March 13, 1958, defendant caused to be transported in interstate commerce from St. Louis, Missouri, a forged check drawn on The Barnett National Bank of Jacksonville, Jacksonville, Florida, dated March 8, 1948, in the amount of $150.00, payable to Reverend Elliott L. Strickland, Jr., and signed by E. A. Paul, M.D.

"Count 3 charges that on March 13, 1958, defendant caused to be transported in interstate commerce from St. Louis, Missouri, a forged check in the amount of $75.00, dated March 8, 1958, drawn on the Barnett National Bank of Jacksonville, Jacksonville, Florida, payable to Reverend Elliott L. Strickland, Jr., and signed by E. A. Paul, M.D."

Unlike Castle and Kessel, the defendant in Strickland merely set in motion the chain of events that resulted in the transportation of the securities in interstate commerce. The defendant caused this transportation by cashing in one State, Missouri, forged checks drawn upon a bank in another State, Florida.

The Government contended that since the defendant "caused" the transportation and did not actually transport the checks himself, Castle and Kessel were not controlling.[3]

---

3. This section (18 U.S.C. § 2314) prescribed transportation in interstate or foreign commerce of any forged security, knowing the same to have been forged, is violated by persons knowingly cashing in one state a forged check drawn upon a bank in another state. Hubsch v. United States, 256 F.2d 820 (5 Cir. 1958).

The court rejected this argument and stated that if the checks were simultaneously transported, there was but one offense.

However, the court went on to hold:

"At best the facts shown by the petitioner raise only the possibility that the checks in Count 2 and Count 3 may have been transmitted in the same shipment by the Federal Reserve Bank at St. Louis, Missouri, to the Federal Reserve Bank at Jacksonville, Florida. Had this been proved conclusively, this Court would be required to set aside the sentence on Count 3. The two checks in question could have been transported either on separate days or by separate shipments on the same day.

"In view of the speculative state of the evidence, this Court is of the opinion that the motion should be denied since the burden of proof is on the petitioner."

I agree with the Government's contention, which was rejected by the court in Strickland, that Castle and Kessel are distinguishable on the facts. In those two cases, the defendants, themselves, physically transported the checks from one State to another at one and the same time.[4] But in Strickland, defendant merely set in motion the chain of circumstances whereby the checks traveled through the mail from Missouri to Florida, possibly with intermediate stops at Federal Reserve Banks. I believe that the Government properly charged the defendant with two offenses in Counts 2 and 3, in charging that he cashed two separate checks in St. Louis on the Florida bank, although both checks were cashed on March 13, 1958.

I do not believe that, where the indictment in the instant case charged in four separate counts that the Defendant cashed in one State four checks drawn on a bank in another State, whether the checks filtered their way through several banks for collection from Seattle, Washington, to Lexington, Kentucky, separately, or all in one mailing or one package, should determine whether the Defendant is to be charged with four separate offenses or with one offense. It is not reasonable to permit the laws of chance and circumstances beyond the control of the defendant to determine the permissible unit of prosecution. And this is true even where it is charged that several checks described in the four counts of the indictment were alleged to have been cashed in Seattle on the same day.

▮ I, therefore, conclude that the Defendant, Gilinsky, was properly charged in each of the four counts, since it was alleged that on April 11, 1961, in Seattle, he cashed four different checks on the Kentucky bank.

In any event, I believe that the court, in Strickland, should have held that the defendant's plea of guilty to the second and third counts conclusively determined his guilt and he stood convicted of two offenses and that separate sentences were proper. The court, in Strickland, erred, in my opinion, when it held a hearing.

▮ When moving to correct an allegedly illegal sentence under Rule 35, a valid conviction is presumed. The only question to be considered is whether the judgment of conviction authorized the sentence imposed. This is to be decided on the record, alone. The Court does not look beyond the judgment and matters outside of the record are not to be considered.

▮ Sentences subject to correction under Rule 35 are those that the judgment of conviction did not authorize. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1953).

"A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law." Cook v. United States, 171 F.2d 567, (1 Cir. 1948) at Page 570.

---

4. In Bell, the defendant physically transported the two women in the same trip and in the same vehicle.

" * * * the First Circuit in Cook v. United States, 171 F.2d 567, decided that it (Rule 35) covered no other error in the criminal record than the correction of a sentence, whose imposition the judgment of conviction did not authorize;" United States v. Bradford, 194 F.2d 197 (2 Cir. 1952), at Page 201.

"Rule 35 presupposes a conviction and affords a procedure for bringing an improper sentence under it into conformity with the law." Duggins v. United States, 240 F.2d 479 (6 Cir. 1957) at Page 483.

In Berg v. United States, 176 F.2d 122 (9 Cir. 1949), the Court stated, at Page 124:

"A discussion of the general nature of the contentions of appellant will be helpful. Several questions of fact are raised. Not one of such questions relates to a jurisdictional fact. The court had jurisdiction of the crime and of the appellant. Each count of the indictment stated a crime on its face. Each of the questions of fact, if material, was conclusively established by his plea of guilty to the particular count. If he desired consideration of these matters, he should have stood trial and have later brought these up on appeal. No sentence on plea of guilty could stand if this were not the rule. As it is, appellant has admitted he did the acts as alleged in each count of the indictment, with the required intent.

"A plea of guilty means guilty as charged in the indictment. If the indictment states no basis for jurisdiction, such a plea will not create a sufficient charge. However, by a plea of guilty, all averments of fact are admitted, all defects not jurisdictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts. The effect is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts. Where there are several counts and there is a plea of guilty to each respectively, the sentencing court must assume that each count states a separate crime. After judgment and sentence upon such a voluntary admission by plea of guilty, the matter is concluded and no proof will be received on habeas corpus or otherwise to assail collaterally the judgment, unless absence of jurisdiction makes it void."

The court went on to say:

" * * * The falsification of the several entries was punishable in each instance as a separate crime. Each entry required proof of additional facts, in order to establish the separate crime, whether made on the same report or different reports."

■ The test of whether separate offenses are charged in distinct counts of an indictment is whether identical evidence will support each of them; and if any dissimilar facts must be proved, there is more than one offense, notwithstanding one continuous transaction forms the basis for all charges. O'Brien v. Squier, 133 F.2d 123 (9 Cir. 1943).

See Dimenza v. Johnston, 130 F.2d 465; rehearing denied 131 F.2d 47 (9 Cir. 1942).

In Upshaw v. United States, 157 F.2d 716 (10 Cir. 1946), the Court set out the test for determining the identity of offenses as follows:

"And the generally recognized test for determining whether the offenses charged in two or more indictments or in different counts of the same indictment are identical or separate is whether the same proof would sustain a conviction under both or whether each requires proof of one or more facts which is not required of the others." Citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931).

Since a different check is involved in each count of the indictment which we are considering, each count would have

required proof independent of the other counts.

For the foregoing reasons, the motion is denied.

This case was erroneously filed as a civil action 590. It is ordered that all documents filed in civil 590 be renumbered in this action Criminal No. 750. The Clerk is further ordered to make all necessary docket and record changes. Civil 590 is hereby dismissed.