Irving GILINSKY, also known as Samuel
Benjamin Feldman, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24046.

United States Court of Appeals,
Ninth Circuit.

July 27, 1970.

David E. Bordon (argued), San Fran-
cisco, Cal., for appellant.

Irving Gilinsky, in pro per.

Wm. Patterson Cashill (argued), Asst.
U. S. Atty., Bert M. Schouwiller, U. S.
Atty., Las Vegas, Nev., for appellee.

Before MADDEN,* Senior Judge,
Court of Claims, and ELY and HUF-
STEDLER, Circuit Judges.

PER CURIAM.

Gilinsky was indicted in United States
District Courts of three states, Wash-
ington, Illinois, and Colorado, for having
issued certain bogus checks for trans-
portation in interstate commerce. 18
U.S.C. §§ 2, 2314. The three indictments
contained, altogether, seven counts, each
pertaining to the issuance of a particular
check. By passing all of the fraudulent
instruments, Gilinsky was alleged to have
received a little over $1,000 in money.
He was also indicted in Colorado for fail-
ing to appear after having been released
on bail. 18 U.S.C. § 3146.

Apprehended in Las Vegas, Nevada,
Gilinsky executed, under Rule 20, Fed.
R.Crim.P., his Consent that the four
indictments might be transferred to the
District of Nevada. After their trans-
fer to that District, he pleaded guilty
to all counts of the four indictments.
Following those pleas he was, on Febru-
ary 19, 1963, sentenced to serve a period
of thirty years of confinement, three con-
secutive ten-year terms under three
counts of the Washington indictment and
ten-year concurrent terms under the re-
maining five charges.

Later in 1963, Gilinsky filed a motion
under Rule 35, Fed.R.Crim.P., alleging
that the four counts of the Washington
indictment charged but one offense and
that, hence, the consecutive sentences
were illegal. The District Court denied
that motion. United States v. Feldman,
226 F.Supp. 750 (D.Nev.1964). Gilinsky
appealed, and this court remanded the
cause for further proceedings. Gilinsky
v. United States, 335 F.2d 914 (9th Cir.
1964). Following our remand, the Dis-
trict Court conducted a hearing and again
denied the motion. Gilinsky took another
appeal, which resulted in our court's
determination that the sentence imposed
for the offense alleged in count two of
the Washington indictment should be

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by desig-
nation.

vacated. Gilinsky v. United States, 368 F.2d 487 (9th Cir. 1966).

Gilinsky then filed a motion under 28 U.S.C. § 2255. The District Court denied the motion without having conducted an evidentiary hearing, and this appeal followed.

We have concluded that we are required to affirm. The allegations made by Gilinsky were simply not sufficient. It appears from Gilinsky's hand-written petition that the same was prepared by him without any professional assistance whatsoever, and it is also apparent, we think, that Gilinsky is technically unskilled in the law. We have taken this into account. The District Court might have sought counsel to assist Gilinsky in that court, as we have done in this court. It might, also, rather than dismissing the Petition, have permitted Gilinsky, with the assistance of counsel, to amend the Petition, thus possibly avoiding successive actions. *Compare* Williams v. Field, 394 F.2d 329 (9th Cir. 1968). The District Court made its disposition, however, upon its conclusion, with which we agree, that the allegations were so vague, conclusory, and nonspecific that it should dismiss the Petition forthwith.

█ While Gilinsky did not so specifically allege in his Petition, one of his briefs in our court suggests that Government officers led him to believe that if he consented to the transfer of the four indictments to Nevada and if he surrendered certain clothing, thought to be stolen, which was found in his possession in Nevada, he would, pursuant to pleas of guilty, be sentenced to no more than five years of imprisonment. Gilinsky was fifty-seven years of age at the time he was sentenced for the offenses, and there is a certain force in his argument that he would have hardly cooperated in order to hasten the imposition of sentence unless he had been promised, by someone, sentences less harsh than those which, in sum and effect, may reasonably equate life imprisonment.[1]

█ Gilinsky's argument that the sentences, in combination, constitute cruel and unusual punishment prohibited by the Constitution, is, of course, without merit. One of the ten-year consecutive sentences was, as we have said, vacated by this court, and the other two were within the allowable range fixed by the Congress. The sentences were harsh, but we have no power to modify them. The record indicates that the sentencing judge has himself suggested that Gilinsky should be paroled.[2] The Government's attorneys advise us that Gilinsky's application for parole will soon be considered, but the decision as to whether Gilinsky can now, after more than seven years as a prisoner, be entrusted with freedom rests with authorities other than the courts.

Affirmed.

1. Before accepting Gilinsky's pleas, the District Court very competently and fully examined Gilinsky, who was represented by counsel at the time, and Gilinsky affirmed that he entered his pleas voluntarily without having been given promises in exchange therefor. *Cf.* Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Under *Parker* and *McMann*, Gilinsky may have waived any objections to some irregularities occurring prior to his pleas of guilty, but would not be deemed to have waived any objection of inducement in the pleas themselves.

2. On February 7, 1967, an attorney then undertaking to assist Gilinsky, wrote to Gilinsky, stating that he had appeared before the sentencing judge on the day before, February 6, 1967, and that the sentencing judge had "stated in his order that with good time, you should be eligible for parole at this time and should you not be paroled at this time that I was to come back into court any time within one hundred twenty days of yesterday's date and move the court for proper relief to the end that you would be released from custody."

Thereafter, on April 10, 1967, the attorney wrote Gilinsky that it was the sentencing judge's "intention that you be immediately eligible for parole and it is hoped that you be paroled immediately."