**MOBERLY MILK PRODUCTS CO. v. FLEMING, Adm'r, Office of Temporary Controls, et al.**

No. 38169.

District Court of the United States for the District of Columbia.

Jan. 21, 1947.

Joseph B. Danzansky, Edward L. Koepenick, Raymond R. Dickey, Bernard Margolius and Carleton U. Edwards II, all of Washington, D. C., for plaintiff.

Carl A. Auerback, Gen. Counsel, Office of Temporary Controls, of Washington, D. C., John F. Sonnett, Asst. Atty. Gen. and George Morris Fay, U. S. Atty., of Washington, D. C., for defendants.

LETTS, Associate Justice.

■ Obviously and I think admittedly the quota base provisions set up in the Third Revised Ration Order No. 3, Amendment 24, are made dependent upon historical use in administering the sugar rationing program. Such restrictions so placed in the quota formula set up in the amended ration order are expressly prohibited by the War Mobilization and Reconversion Act of 1944, 50 U.S.C.A. Appendix, § 1651 et seq., and are invalid.

° ■■ It is contended by the defendants that the historical use base has not resulted in harm to plaintiff since under the ration order plaintiff is allowed some sugar. This defense begs the question for plaintiff is entitled to an allotment which is fair, just and reasonable to a small plant, capable and desirous of participating in expansion or initiation of production for non-war use. The Congress saw fit to encourage small enterprises and new plants and to protect same in the expansion and initiation of production for non-war use. To further such Congressional purpose statutory safeguards were set up to protect small plants and new concerns from discriminatory use of historical use bases for any purpose in ration orders.

The several other defenses are found to be without merit. Plaintiff is entitled to relief. Let counsel for plaintiff present for settlement findings of fact, conclusions of law and a judgment form consistent herewith.

### Findings of Fact and Conclusions of Law

This cause came on for trial and the Court, having heard the evidence and considered the stipulation of the parties, finds the facts and states the conclusions of law as follows:

### Findings of Fact.

1. That the Plaintiff Corporation is in the business of producing bulk sweetened condensed milk, which business was commenced on the 28th day of May, 1946.

2. That the Plaintiff Corporation, on and after May 28, 1946, was allocated sugar by the Office of Price Administration (now the Office of Temporary Controls), said allocation up to November 1, 1946 not being based upon the functioning of the concern in a given field of activity at a given time.

3. That on October 8, 1946, the Office of Price Administration issued Amendment 24 to Third Revised Ration Order No. 3, said Order becoming effective on October 14, 1946 with respect to allocations made after November 1, 1946.

4. That Plaintiff's first monthly allotment of sugar under Amendment 24, aforesaid, was reduced from its allotment in the month immediately preceding the effective date of Amendment 24 by more than 90 percent. Plaintiff's milk receipts for the same comparable period dropped only approximately twenty-one (21) percent. Plaintiff's sugar allocation for the month of December as compared to milk receipts was in similar proportion.

5. That Plaintiff has no means of processing or otherwise using its excess skimmed milk without loss unless sugar is available to it.

6. Between November 1, 1946 and January 14, 1947, Plaintiff has been required to dispose of, by dumping into the sewer, between 250,000 and 300,000 pounds of skimmed milk which had turned sour because of lack of sugar.

7. That as a result of the restricted allocation under Amendment 24, aforesaid, Plaintiff Corporation has been losing ap·

proximately $120.00 per day in the operation of its business since November 1, 1946.

8. That Plaintiff's milk processing plant and equipment represents an investment of approximately $50,000.00 since the month of December, 1945; it has twelve men on its payroll and twelve milk haulers under contract.

9. That Plaintiff has been and will be irreparably injured and damaged by that part of the sugar rationing and allocation program set forth in Amendment 24 to Third Revised Ration Order No. 3.

### Conclusions of Law.

1. This Court has jurisdiction over the subject matter and the parties in this cause.

2. That the War Mobilization and Reconversion Act of 1944 is applicable to the Sugar Rationing Program, the authority for which Program is established in the Second War Powers Act, 50 U.S.C.A.Appendix, § 631 et seq.

3. That the amount of the quota bases allocated in the Third Revised Ration Order No. 3, Amendment 24, are made dependent upon the existence of a concern in the bulk sweetened condensed milk processing industry or the functioning of a concern in that industry at a given time.

4. That the Office of Temporary Controls (formerly the Office of Price Administration) has not made any special provision for small plants in its formulae for allocating sugar to bulk sweetened condensed milk processors (as small plants are defined in the War Mobilization and Reconversion Act of 1944).

5. That the method adopted in Amendment 24 to Third Revised Ration Order No. 3 making the quota base dependent upon the existence of a concern or the functioning of a concern in a given field of activity at a given time is in direct contravention of the War Mobilization and Reconversion Act and is invalid.

6. That the Secretary of Agriculture has primary authority, delegated to him by the President of the United States, under authority vested in him by the Second War Powers Act, over the allocation of sugar;

that the Office of Price Administration (now the Office of Temporary Controls) has authority over the rationing of sugar to civilians, both consumer and industrial users, on such allocation of an over-all supply as is made to it by the Secretary of Agriculture.

7. That the quota provisions and formulae set up in Amendment 24 to Third Revised Ration Order No. 3 are prohibited by the Provisions of the War Mobilization and Reconversion Act and are invalid and directly contrary to the Statute.

8. That the Plaintiff Corporation is a small plant as defined in the War Mobilization and Reconversion Act of 1944.

9. That the Plaintiff is entitled to an allocation or ration of sugar in the same comparative amount as any other bulk sweetened condensed milk producers regardless of when Plaintiff or said other producers entered business or how long Plaintiff or other producers have been in the business of producing bulk sweetened condensed milk.

10. That the Plaintiff should be granted injunctive relief.