UNITED STATES v. WESTERN CHEMI-
CAL & MFG. CO.

Cr. No. 19606.

District Court, S. D. California,
Central Division.

July 29, 1948.

James M. Carter, U. S. Atty., by Ernest A. Tolin, Chief Asst. U. S. Atty., and Paul Fitting, Asst. U. S. Atty., all of Los Angeles, Cal., for the United States.

Alfred C. Ackerson, of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

In this case an information was filed against the defendant in 12 counts, charging a violation of War Food Order No. 42–b, 9 F.R. 12080, as amended, to which the defendant pleaded nolo contendere and was fined the total sum of $2800, which judgment has become final.

Thereupon the defendant filed a motion for an order vacating the judgment and sentence and granting leave to withdraw its plea of nolo contendere, contending that the information was based upon an alleged violation of War Food Order No. 42–b adopting an "historical use basis" for the allocation of fats and oils, and, therefore, invalid under the War Mobilization and Reconversion Act of 1944, 50 U.S.C.A. Appendix, § 1651 et seq., as a similar order was interpreted in the Moberly Milk Products Co. v. Fleming, D.C., 69 F. Supp. 776; Id., App.D.C., 160 F.2d 259, and Fleming v. Moberly Milk Products Co., 331 U.S. 786, 67 S.Ct. 1304, 91 L.Ed. 1816, to be invalid.

In the Moberly Milk Products Co. case, supra, the court held a certain ration order, based upon an "historical use basis" invalid, as expressly prohibited by the War Mobilization and Reconversion Act of 1944, 50 U.S.C.A.Appendix, § 1651 et seq., supra, and the defendant contends that, by reason of the decision in that case, ration order No. 42–b is likewise invalid. The legal position of the defendant appears to be that where a defendant has pleaded guilty to a violation of statute or order, subsequently declared to be invalid, the sentence thereunder is void, and that ration order No. 42–b, by analogy, should likewise be declared void, but the authorities do not seem to support the defendant's contention.

This point seems to be conclusively settled by the case of United States v. Gettinger et al, 272 U.S. 734, 47 S.Ct. 276, 71 L. Ed. 499, where the defendants pleaded nolo contendere to a charge of violating Sec. 4 of the Lever Act, 40 Stat. 276, as amended, 41 Stat. 297, 298, and paid their fines imposed by the court with the understanding that if the so-called Lever Act, under which they were charged, was subsequently declared to be unconstitutional by the Supreme Court of the United States, they would have a claim to the return of the fines. Later the Supreme Court held Sec. 4 of the Lever Act invalid, and, in an action to recover the fines, the Supreme Court

held the fines unrecoverable. This case would seem to be conclusive against the defendant's legal position here.

In its brief the Government states:

"The order was considered valid at that time, and was complied with by the industry generally. Others have had criminal proceedings instituted against them under the order, have been sentenced, and have paid fines. It is therefore apparent that there is no manifest injustice involved, but that there would be manifest injustice to the industry generally, which complied with the order, if those who violated it and were sentenced, could subsequently reopen the judgments."

Because an injustice has been suffered by another defendant should not be a good reason to deny justice to the defendant before the court.

However, from the standpoint of a manifest injustice being done to this defendant by compelling it to pay the fine herein, it appears that since the decision in the Moberly case, supra, although said ration Order No. 42-b has not been declared invalid by any court, according to this court's knowledge, the Government in this court has dismissed all pending prosecutions upon said ration order No. 42-b.

In its brief the Government frankly admits dismissals of other similar cases:

"It is true that the government dismissed the information and indictment brought against the Frederick Soap & Chemical Company (Cr. No. 19250 and 19518) for violation of War Food Order 42b due to the questions raised as to the validity of War Food Order 42b. However, defendants in those cases had not yet been tried, and all the violations there charged were after September 1945, when the quotas were raised, and it could be argued that there had been an expansion, resumption, or initiation of production for non-war use. In the present case, at least 4 counts (1, 2, 7 and 8) fall before that period. Hence, even if War Food Order 42b is considered invalid once quotas were increased, 4 counts are still good."

In the present information, counts three, four, five, six, nine and ten were alleged violations after September 1945 when the quotas were raised. The other counts were prior to September 1945.

The court at this time is not passing upon the validity or invalidity of said ration Order No. 42-b, but, in accordance with the power conferred upon it by Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, to set aside a judgment of conviction and permit a defendant to withdraw his plea to correct manifest injustice, the court at this time, expressly finding that it would be manifestly unjust to permit the judgment to stand against the defendant in this case on counts three, four, five, six, nine and ten, it is by the court ordered: that the plea of nolo contendere, heretofore entered in this case on these counts, by the Western Chemical and Manufacturing Company, a corporation, be, and the same is hereby vacated and set aside, as well as the judgment and sentence predicated thereon, and the said counts are dismissed.

It is further ordered: That the clerk of this court turn over to the defendant any money which may still be in the registry of the court on account of the payment of the fines on counts three, four, five, six and nine and ten herein.