Elliott Luis STRICKLAND, Jr., Petitioner,

v.

UNITED STATES of America, Respondent.

No. 58 Cr. 96.

United States District Court
E. D. Missouri, E. D.

Feb. 18, 1963.

Ben Ely, Jr., St. Louis, Mo., for petitioner.

D. Jeff. Lance, U. S. Atty., St. Louis, Mo., for respondent.

MEREDITH, District Judge.

This matter is pending before the Court following a hearing on petitioner's Motion to Vacate a Sentence of three years imposed on April 10, 1958, by the late Judge Moore on petitioner's plea of guilty to a three-count information. Sentence of three years was likewise imposed on each of the other two counts, each to run consecutively and not concurrently, for a total of 9 years. The late Judge Moore granted the petitioner a hearing under Rule 35 of the Federal Rules of Criminal Procedure for the purpose of determining whether Counts 2 and 3 of the information constituted more than one offense.[1]

The essence of the motion is this: petitioner in each count of the information was charged with willfully causing interstate transportation of a forged check in violation of § 2314 and § 2(b) of Title 18, U.S.C. A different forged check was involved in each count. However, petitioner alleges that the two separate checks involved in Counts 2 and 3 were transported together on the same day in interstate commerce; hence there was but one interstate transportation and but one offense and in accordance with

Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75, and Kessel v. United States (8th C.A.), 303 F.2d 563, the sentence was illegal.

■ The government argues that the decisions just cited are not controlling because they involved actual transportation of forged documents, while petitioner was charged with "causing" the forged checks to be transported in interstate commerce under both § 2314 and § 2(b) of Title 18. We are of the opinion that the applicable law cannot be so distinguished. Consequently, if the checks were simultaneously transported in interstate commerce, only one offense arises under § 2314 of Title 18 under the authority of and as controlled by Castle v. United States, supra, and Kessel v. United States, supra, if such facts are proved, the sentence imposed on Count 3 is illegal and the Court is under a duty to vacate. Garrison v. Reeves (8th C.A., 1941), 116 F.2d 978; Holiday v. United States (8th C.A., 1942), 130 F.2d 988; Holbrook v. United States (8th C.A., 1943), 136 F.2d 649.

The information in Count 2 charges that on March 13, 1958, defendant caused to be transported in interstate commerce from St. Louis, Missouri, a forged check drawn on The Barnett National Bank of Jacksonville, Jacksonville, Florida, dated March 8, 1948, in the amount of $150.00, payable to Reverend Elliott L. Strickland, Jr., and signed by E. A. Paul, M.D.

Count 3 charges that on March 13, 1958, defendant caused to be transported in interstate commerce from St. Louis, Missouri, a forged check in the amount of $75.00, dated March 8, 1958, drawn on the Barnett National Bank of Jacksonville, Jacksonville, Florida, payable to Reverend Elliott L. Strickland, Jr., and signed by E. A. Paul, M.D.

The facts developed at the hearing were that petitioner on March 13, 1958, cashed the $75.00 check at Famous-Barr

---

1. The Court's order granting petitioner's motion mistakenly refers to the counts in question as 1 and 2. Petitioner's motion and the hearing herein clearly show the counts involved are 2 and 3. No question is raised as to the validity of the sentence on Count 1 and none is raised as to Count 2, save as it affects Count 3.

Company. This check was deposited at Boatmen's Bank on March 14, 1958. It probably went to the Federal Reserve Bank in St. Louis, Missouri, on March 14, 1958, and was shipped by that Bank probably on March 14, 1958, to the Federal Reserve Bank of Jacksonville, Florida. The check was sent from the Federal Reserve Bank of Jacksonville, Florida, to the Barnett National Bank of Jacksonville, Jacksonville, Florida, on March 17, 1958, and arrived at the Barnett National Bank on March 17, 1958. When the check arrived at the Federal Reserve Bank in Jacksonville, Florida, is unknown.

The check in the amount of $150.00 was cashed on March 13, 1958, at Lane Bryant in St. Louis, Missouri. It may have been deposited in Mercantile Trust Company, St. Louis, on either March 13th or March 14th, 1958. It probably went to the Federal Reserve Bank at St. Louis on the same date it was deposited with the Mercantile Trust Company. If it went to the Federal Reserve Bank in St. Louis, Missouri, on the 13th of March, it could have been sent to the Federal Reserve Bank at Jacksonville, Florida, on March 13, 1958, or March 14, 1958. If it was mailed by the Federal Reserve Bank at St. Louis, Missouri, to Jacksonville, Florida, on the 13th of March or in a separate shipment on March 14th, there is certainly no merit to petitioner's contention. The manager of the Federal Reserve Bank of St. Louis stated that there may have been one or two shipments of checks on March 14th to the Jacksonville, Florida, Federal Reserve Bank, but he has no definite knowledge since their records are destroyed after one year.

The $150.00 check was received by the Barnett National Bank on March 17, 1958, having been transmitted from the Jacksonville, Florida, Federal Reserve Bank on that same date. When it arrived at the Jacksonville Federal Reserve Bank is unknown.

March 14, 1958, was a Friday and March 17, 1958, was a Monday.

At best the facts shown by the petitioner raise only the possibility that the checks in Count 2 and Count 3 may have been transmitted in the same shipment by the Federal Reserve Bank at St. Louis, Missouri, to the Federal Reserve Bank at Jacksonville, Florida. Had this been proved conclusively, this Court would be required to set aside the sentence on Count 3. The two checks in question could have been transported either on separate days or by separate shipments on the same day.

In view of the speculative state of the evidence, this Court is of the opinion that the motion should be denied since the burden of proof is on the petitioner.