Irving GILINSKY, also known as Samuel Benjamin Feldman, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19193.

United States Court of Appeals Ninth Circuit.

Aug. 18, 1964.

Raymond E. Sutton, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge.

The question before us is whether Appellant Gilinsky was wrongfully convicted on separate counts of an indictment which, it is claimed, define at most a single offense. Until a factual issue upon which the answer depends is actually resolved by the court below, however, the question is not ripe for review. Accordingly, we vacate the order of the district court and remand for a factual determination.

Briefly stated, the facts are these. Appellant was convicted on his guilty plea to a four-count indictment charging him with unlawfully causing four forged checks to be transported in interstate commerce in violation of 18 U.S.C. §§ 2, 2314. He was sentenced to the custody of the Attorney General for a period of ten years on each of the four counts. Sentences on Counts I, II and III were to run consecutively, and the sentence on Count IV was to run concurrently with that on Count I. Alleging that the four counts in the indictment merge and charge a single offense, appellant filed a motion to vacate illegal sentence pursuant to Rule 35 F.R.Crim.P.[1] The essence of appellant's position is that the gravamen of the offense on which he stands convicted is the interstate transportation of the forged securities; that if all four checks described in the indictment were sent through the mail in a single package, only one offense was committed; that therefore the sentencing court would be without jurisdiction to convict on separate counts. Compare Strickland v. United States, 214 F.Supp. 640 (E.D.Mo.1963).

Without holding an evidentiary hearing, the district court concluded that none was necessary because the record demonstrated the propriety of conviction on each of the counts. Accordingly, it did not formally determine whether in fact the checks had been transported in a single package.[2] Rather, the court simply assumed that they had, but nevertheless rejected Gilinsky's contention that transportation in a single package precluded separate courts for each check.

We observe at the outset that some support for the result reached by the district court is found in Bayless v. United

---

1. "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

2. And that fact does not appear from the face of the indictment. Representative, is Count I which recites:
"That on or about April 11, 1961 at Seattle, Washington, within the Northern Division of the Western District of Washington, SAMUEL BENJAMIN FELDMAN did, with unlawful and fraudulent intent, wilfully cause to be transported in interstate commerce, to wit, from Seattle, Washington to Newport, Kentucky, a falsely made and forged security, to wit, a check dated April 11, 1961 in the amount of $383.83 drawn on the American National Bank of Newport, Kentucky, the purported maker of said check being Robert D. Leggett, knowing said check to be falsely made and forged.
"All in violation of Title 18, U.S.C., Sections 2 and 2314."

States, 288 F.2d 794 (9th Cir. 1961), cert. den. 366 U.S. 971, 81 S.Ct.1936, 6 L.Ed.2d 1260. There, a defendant claimed an indictment charging him in separate counts with: (1) bank robbery; (2) putting the life of a bank teller in jeopardy; and (3) transporting stolen securities in interstate commerce, constituted a single offense for which only one conviction could be had. The district court had imposed concurrent sentences on the counts of bank robbery and endangering the life of a bank teller. In addition, it imposed a consecutive sentence on the count of interstate transportation and only that sentence was attacked. On appeal, this court rejected the defendant's contention that Counts I and II merged with Count III. We discussed Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) and Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), both strongly relied upon by appellant here, and determined that those cases dealt with distinguishable statutes and circumstances and would not apply to relieve the defendant. The court was, of course, aware that it is well settled that separate counts of bank robbery and endangering the lives of bank tellers define a single offense. Dimenza v. Johnston, 130 F.2d 465 (9th Cir. 1942); Lockhart v. United States, 136 F.2d 122 (6th Cir. 1943). But we were not required to so determine because the sentences on those counts were concurrent. Stevenson v. Johnston, 72 F.Supp. 627, 630 (D.C.N.D.Calif. 1947), aff'd 163 F.2d 750, cert. den. 333 U.S. 832, 68 S.Ct. 459, 92 L.Ed. 1117; Gebbart v. United States, 163 F.2d 962 (8th Cir. 1947); United States v. Martin, 292 F.2d 702 (4th Cir. 191); United States v. Smith, 253 F.2d 95 (7th Cir. 1958) cert. den. 357 U.S. 919, 78 S.Ct. 1360, 2 L.Ed.2d 1364. As for the remaining count of interstate transportation, on which a consecutive sentence had been imposed, we determined that it stated an offense separate from the offense of bank robbery. And see Callanan v. United States, 364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961). In reaching that decision, however, we were confronted with statutes and circumstances very different from those here. It may, or may not be, true that our reasoning in Bayless is equally applicable here. But we may not so determine on this record; in the absence of a factual determination on whether the checks were transported in a single package, the question is only presented in the abstract.

Even if the Bayless case is distinguishable, it is nonetheless clear the district court was correct in holding no relief to appellant is available under Rule 35. Authority settles that relief from consecutive sentences imposed on separate counts, which in reality constitute but a single offense, may be sought under Rule 35 F.R.Crim.P. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1940); Redfield v. United States, 315 F.2d 76, 81 (9th Cir. 1963); Strickland v. United States, 214 F.Supp. 640 (E.D.Mo.1963), aff'd 325 F.2d 970 (8th Cir. 1964). But a major stumbling block to appellant's position is then encountered; decisions by this court and others have repeatedly held that a Rule 35 motion presupposes a valid conviction. Cook v. United States, 171 F.2d 567, 570 (1st Cir. 1948), cert. den. 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088; Migdol v. United States, 298 F.2d 513, 514 (9th Cir. 1961); Redfield v. United States, supra, 315 F.2d at 81. Accordingly, collateral attack on errors allegedly committed at trial is not permissible under Rule 35. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Redfield v. United States, supra, 315 F.2d at 81; Callanan v. United States, 274 F.2d 601 (8th Cir. 1960) aff'd 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312.[3] Therefore, in the ordinary Rule 35 case, the defendant is not entitled to a hearing, [United

3. "[A]s the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." Hill v. United States, supra, 368 U.S. at 430, 82 S.Ct. at 472.

States v. Martin, 192 F.Supp. 432 (D.C. N.C.1961), aff'd 292 F.2d 702, cert. den. 368 U.S. 957, 82 S.Ct. 400, 7 L.Ed.2d 389; Wallace v. United States, 174 F.2d 112 (8th Cir. 1949) cert. den. 337 U.S. 947] and the matter must be determined on the record. McIntosh v. Pescor, 175 F.2d 95, 97 (6th Cir. 1949); Cuckovich v. United States, 170 F.2d 89 (6th Cir. 1948); Orrie v. United States, 302 F.2d 695, 698 (8th Cir. 1962); and see Heflin v. United States, 358 U.S. 415 at 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). And here, since the indictment did not reveal when or in what manner the securities were transported, that fact would necessarily require extrinsic evidence, in view of defendant's plea of guilty.

■ Moreover, a Rule 35 proceeding contemplates the correction of a sentence of a court having jurisdiction. Moss v. United States, 263 F.2d 615 (5th Cir. 1959). This is not to say, however, that jurisdictional defects are waived. Berg v. United States, 176 F.2d 122, 125 (9th Cir. 1949) cert. den. 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537. But because they involve a collateral attack, they must ordinarily be presented under 28 U.S.C. § 2255. Berg v. United States, supra. And here, since it is conceded that appellant is validly in custody under at least one count of the indictment, Section 2255 relief is not yet available to him. Heflin v. United States, supra, 358 U.S. 415, 420–422, 79 S.Ct. 451, 3 L.Ed.2d 407 (1958); May v. United States, 261 F.2d 629 (9th Cir. 1958); Oughton v. United States, 215 F.2d 578 (9th Cir. 1954).

■ Nevertheless, appellant's allegations are sufficient to permit treatment of his motion as a motion to withdraw a plea of guilty under Rule 32(d) F.R.Crim.P.,[4] as we may in providing "for the just determination of every criminal proceeding." Rule 2, F.R.Crim. P. Cf. White v. United States, 190 F.2d 365 (6th Cir. 1951). Ordinarily, a motion to withdraw a plea of guilty must be made before sentence is imposed. But where it is clear that manifest injustice will result if the motion is not granted, the judgment may be set aside and the defendant permitted to withdraw his guilty plea. See Leonard v. United States, 231 F.2d 588 (5th Cir. 1956). And here, the imposition of consecutive sentences on multiple counts that in fact constitute but a single offense would result in manifest injustice, for which a remedy will lie. See Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L. Ed. 23 (1942); United States v. Noble, 155 F.2d 315, 318 (3d Cir. 1946). Compare United States v. Western Chemical & Manufacturing Co., 78 F.Supp. 983 (D.C.S.D.Calif.1948). But Cf. Martin v. United States, 101 U.S.App.D.C. 329, 248 F.2d 651 (D.C.Cir. 1957). Clearly, it would be unfair to hold appellant to his guilty plea if he was ignorant of the fact that a multiple-count indictment stated but a single offense. See Bergen v. United States, 145 F.2d 181, 187 (8th Cir. 1944).[5] Because "[w]e believe that the interests of justice and preservation of the integrity of the judicial process require a hearing * * *"[6] on the factual issue raised by appellant's motion, and so we may consider the questions presented by it with a factual foundation, rather than in the abstract, we vacate the order of the court below and remand for proceedings and a redetermination not inconsistent with this opinion.

4. "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

5. "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

6. Zaffarano v. United States, 306 F.2d 707, 710 (9th Cir. 1962).