**Donald Lee KING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9112.**

United States Court of Appeals
Tenth Circuit.

Feb. 15, 1967.

Rehearing Denied March 10, 1967.

Peter H. Ney, Englewood, Colo., for appellant.

Maurice R. Barnes, Jr., Asst. U. S. Atty. (William T. Thurman, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

The defendant-appellant was found guilty by the United States District Court in a trial without a jury on an indictment in three counts for a violation of 18 U.S.C.A. § 2314, the transportation of falsely made securities. The court sentenced appellant in 1964 to three consecutive sentences, one for each of the three counts.

Appellant filed a motion under Rule 35 of the Rules of Criminal Procedure with the United States District Court for Utah to correct his sentence on the ground that there was but a single offense, and not three separate offenses. The court denied relief and appellant took this appeal.

In the indictment three "falsely made" checks are described, one in each count, which are identical in all respects and all were transported from Utah to Phoenix, Arizona. The only difference in the counts is that each check was alleged to have been transported from a different town in Utah.

The record shows that the checks were presented and cashed at stores in the three different Utah towns on the same Saturday. The evidence shows that two of the checks were received at the Phoenix bank on which they were drawn on May 11, 1962. There was no testimony as to when the third check was so received, but it apparently was received about the same time.

Appellant argues that the checks were transported by mail from Utah to Arizona at the same time as shown by the fact that they were all received by the bank at or about the same time. He urges that transportation is the offense and the cases hold that when several falsely made securities are transported at the same time there is but one offense. Reliance is thus placed on Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L. Ed.2d 75, on Robinson v. United States, 143 F.2d 276 (10th Cir.), and on Strickland v. United States, 214 F.Supp. 640 (E.D.Mo.1963), 325 F.2d 970 (8th Cir.).

In Castle v. United States, supra, the court vacated the judgment appealed from on the authority of Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L. Ed. 905. In Castle the defendant had taken with him the falsely made money orders on his train trip from Indiana to Texas. In Bell v. United States, a Mann Act case, the defendant had transported two women in the same car on the same trip, and each count referred to each woman. The Court there held that under the statutory language, "knowingly

transports" "any woman or girl," there was but one offense.

In Kessel v. United States, 303 F.2d 563 (8th Cir.), the money orders were transported by the defendants themselves on one trip, and the court in a Rule 35 proceeding, on authority of Castle v. United States which had been decided since the former opinion of the Court of Appeals, ordered the consecutive sentences on each of the several counts to be vacated, and thus changed its prior holdings. The Ninth Circuit in Gilinsky v. United States, 335 F.2d 914 (United States v. Feldman, in the District Court, 226 F.Supp. 750), considered a four count indictment for transporting falsely made checks, with consecutive sentences on each count, and ordered a hearing to determine whether the checks had been transported in one package.

This court, in Robinson v. United States, 143 F.2d 276 (10th Cir.), which was referred to by the Supreme Court in Bell v. United States, supra, vacated consecutive sentences in a Mann Act conviction on several counts where the women had been transported at the same time in the same car. The standard there stated was the "same evidence test." The court however said that it should be applied with "some discrimination." We also there held that transportation was the gist of the offense, and since all the women were transported at the same time in the same car there was but one offense.

■ The cases above considered, except Gilinsky v. United States, supra, considered instances where the transportation was by the accused, where all traveled at the same time or where the accused himself directly arranged the transportation of all the items together. In the case at bar the appellant "caused" the transportation by reason of the fact that the checks were on a bank in another state, but he had no control over the time or method of transportation. This was instead a matter of chance as far as he was concerned after he had set the forces in motion by several separate acts. This factor should be given some consideration.

In the case strongly relied upon by appellant, Strickland v. United States, 214 F.Supp. 640 (E.D.Mo.1963), affirmed at 325 F.2d 970 (8th Cir.), the court did consider a check case similar to the one at bar. There the checks were cashed on the same day at various stores in St. Louis. The trial court stated that if the checks were simultaneously transported there was but one offense, and the court granted a hearing on a Rule 35 motion to develop the facts. The trial court found the facts to be that there was only a possibility that two of the checks were transported in the same shipment during the clearing process, and that this was not sufficient. The Court of Appeals (Strickland v. United States, 325 F.2d 970) held that the defendant had shown no more than such a possibility, and this was not enough to demonstrate one offense. The court did not however decide whether the rule announced in Castle would apply under the circumstances if it were shown that the checks were transported at one time.

We also do not decide whether the rule set forth in Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, and Robinson v. United States, 143 F.2d 276 (10th Cir.), would apply to the case at bar even if it were shown the checks after being passed at the several stores were transported in the bank clearing process at the same time. It is sufficient to say that it was not shown that they were so transported. Only such a possibility was shown, and that is not enough.

Affirmed.