**Wallace Ray COON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30766.**

United States Court of Appeals, Fifth Circuit.

April 12, 1971.

Wallace R. Coon, pro se.

Benjamin F. Rayborn, James C. Bonner, Jr., Decatur, Ga., for petitioner-appellant.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before THORNBERRY and GODBOLD, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge:

Petitioner-Appellant was found guilty in the Court below in a jury trial on four counts (counts 1–4) for violation of 18 U.S.C.A. § 2314, the transportation of four forged American Express Money Orders and one count (count 5) for the violation of 18 U.S.C.A. § 371, conspiracy with other persons to commit the offenses charged. He was sentenced to consecutive five year sentences on counts 1, 2 and 3, and to concurrent five year sentences on counts 4 and 5 to run concurrently with the sentence on count 3. The conviction was affirmed on appeal. Coon v. United States, 401 F.2d 543 (5th Cir. 1968).

Appellant filed a motion under 28 U.S.C.A. § 2255 to vacate sentence, the grounds therefor being that the sentences imposed on counts two, three and four are illegal in that the forged money orders were transported in interstate commerce in a single simultaneous movement; thus, constituting but a single offense under the statute. The court denied relief, principally because appellant had failed to establish by sufficient proof that the checks traveled together.

The record shows that the money orders here in question (those forming the basis for counts 1–4) were presented and cashed at four different business establishments in Dallas, Texas on September 15, 1966. The American Express Company in New York received these four money orders from the Federal Reserve Bank of New York together on September 21, 1966. There is no evidence in the record to show when or how the money orders traveled from Texas to the New York Federal Reserve Bank, or whether they moved simultaneously or separately.

Citing Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961) and Gilinsky v. United States, 368 F.2d 487 (9th Cir. 1966) which hold that if several falsely made securities are transported together and at the same time only a single punishable offense is committed under the statute, the appellant argues that the burden was thus on the government prior to sentencing to establish that the money orders did not move in interstate commerce in a single journey rather than on the defendant to establish that they did so move. He argues that if the government did not so prove, the court could not impose consecutive sentences. Appellant on his direct appeal from his conviction and sentence did not assert this "single package" theory advanced here in this collateral attack on his sentence.

A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief. Estep v. United States, 251 F.2d 579 (5th Cir. 1958); Smith v. United States, 252 F.2d 369 (5th Cir. 1958); Strickland v. United States, 325 F.2d 970 (8th Cir. 1964). Appellant failed to carry this burden. Under the evidence, the possibility that the four money orders traveled together is at best speculative. Appellant in this collateral proceeding cannot now assert that the government failed to meet its burden prior to sentencing and merely by this assertion supply the necessary proof to meet his burden here. See King v. United States, 372 F.2d 946 (10th Cir. 1967); Strickland v. United States, supra. While such assertion may have been efficacious upon the direct appeal, it is not here.

The order appealed from is affirmed.