UNITED STATES of America,
Plaintiff,

v.

Nicholas PEÑA–GONZALEZ
(03), Defendant.

No. Crim 97–284 JAF.

United States District Court,
D. Puerto Rico.

July 19, 1999.

Asst. U.S. Attorney Stephen Muldrow, Guillermo Gil, U.S. Attorney, San Juan, PR, for plaintiff.

Rafael Anglada–Lopez, San Juan, PR, William D. Matthewman, Miami, FL, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

Defendant, Nicholas Peña–González, has been charged with a drug trafficking conspiracy in violation of 21 U.S.C. § 846

(Count I), conspiracy to commit firearms murder in relation to the drug trafficking conspiracy in violation of 18 U.S.C. § 924(*o*) (Count II), and firearms murder in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(j) (Count III). Defendant, through five separate motions, moves to dismiss (1) Counts I and II of the superseding indictment as multiplicitous; (2) Count II as duplicitous and improperly pled; (3) Count III as duplicitous; (4) Count III as facially void on the grounds of due process; and (5) Count II as void for failure to charge an offense.

## I.

■ The concepts of duplicity and multiplicity are often conflated and confused. Both are pleading rules which concern the manner in which charges are joined. Duplicity refers to the joining of two or more separate and distinct offenses into a single count. Therefore, a count is duplicitous when it charges more than one offense in a single count. *United States v. Rizzo*, 121 F.3d 794 (1st Cir.1997) (citing *United States v. Huguenin*, 950 F.2d 23, 25 (1st Cir.1991)). "The vice of duplicity is that there is no way in which the jury can convict on one offense and acquit on another offense contained in the same count." 1A Charles A. Wright, FEDERAL PRACTICE AND PROCEDURE, § 142 at 16 (1999). Therefore, a general guilty verdict on a duplicitous indictment could result in improper sentencing, preclude appellate review or violate the Double Jeopardy Clause of the Fifth Amendment. *Id.* (citations omitted).

■ On the other hand, an indictment is multiplicitous when it charges a single offense in more than one count. *United States v. Brandon*, 17 F.3d 409, 422 (1st Cir.1994) (*United States v. Serino*, 835 F.2d 924, 930 (1st Cir.1987)). Thus, a multiplicitous indictment can result in a double jeopardy violation when a defendant is sentenced more than once for the same offense or when the jury is misled to believe that the defendant has committed more crimes than the record and evidence

maintain. *United States v. Goldberg*, 913 F.Supp. 629, 631 (D.Mass.1996) (citing Wright, § 142 at 475–76 (1982)).

■ The core issue in determining when a count or counts is duplicitous or multiplicitous is whether one offense or separate offenses are included in the indictment. This is not a facile or straightforward task. Nevertheless, we are "bound by it." *United States v. Fraza*, 106 F.3d 1050, 1054 (1st Cir.1997); *Rutledge v. United States*, 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (stating that "For over half a century we have determined whether a defendant has been punished twice for the 'same offense' by applying the rule set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)."). The relevant inquiry is whether Congress intended the same conduct to be punishable under two distinct criminal statutes. *Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). Enunciated in *Blockburger*, the test "requires that courts examine the offenses to ascertain 'whether each provision requires proof of a fact which the other does not.'" *Iannelli v. United States*, 420 U.S. 770, 785, n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180); *Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (*Blockburger* test governs unless Congress gives express legislative intent to the contrary); *Whalen v. United States*, 445 U.S. 684, 688–89, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (finding that Double Jeopardy Clause prohibits courts from imposing consecutive sentences in the absence of Congressional authorization); *United States v. Lanoue*, 137 F.3d 656, 661 (1st Cir.1998).

## II.

Within this framework, we analyze Defendant's first contention that Counts I and II of the superseding indictment are multiplicitous. Defendant alleges that

counts I and II both charge, in essence, the same conspiracy. Relying upon the Ninth Circuit's opinion in *United States v. Alerta*, 96 F.3d 1230 (9th Cir.1996), Defendant maintains that both Count I and Count II relate to a drug trafficking conspiracy in which the defendants purportedly conspired to murder Carlos Roberto Rodríguez–Torres ("Robert Caballo") and to possess firearms.

In *Alerta*, the defendant was charged and sentenced for two conspiracies. The first was a conspiracy to distribute methamphetamine and the second was a conspiracy to use firearms in a drug trafficking offense. The court found that there was merely one conspiracy and during the course of carrying it out, defendant used firearms and distributed methamphetamine. *Alerta*, 96 F.3d at 1236. The court relied upon the Supreme Court's exposition of conspiracy in *Braverman v. United States*:

> One agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one ... The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute ... For such a violation, only the single penalty prescribed by the statute can be imposed.

317 U.S. 49, 53–54, 63 S.Ct. 99, 87 L.Ed. 23 (1942). The Ninth Circuit has held, on a number of occasions, that one agreement cannot equal several conspiracies simply because it violates several statutes. *See, e.g., United States v. Sanchez–Lopez*, 879 F.2d 541 (9th Cir.1989) (holding that counts alleging conspiracy to smuggle heroin and conspiracy to smuggle amphetamines were multiplicitous because they involved the "same parties, duration, location and overt acts" and charged violations of the same conspiracy statute); *Launius v. United States*, 575 F.2d 770, 771 (9th Cir.1978) (holding that count alleging agreement to smuggle heroin and count alleging conspiracy to smuggle amphet-

amines equaled one conspiracy); *Gilinsky v. United States*, 335 F.2d 914, 917 (9th Cir.1964) (recognizing potential multiplicitous situation and remanding for further factual determinations); *United States v. Noah*, 475 F.2d 688, 693 (9th Cir.1973) (holding that "[s]ince there was only one agreement there could be only one conspiracy conviction").

However, there is a difference between prosecution under a statute that creates several offenses and prosecution of one agreement charged under two counts. The first is a regular pleading practice while the second is multiplicitous. The latter violates the Double Jeopardy Clause because one agreement is forming the basis of two or more charges upon which a defendant can potentially be sentenced. On the other hand, the former merely enunciates dual purposes of one conspiracy.

We turn to the charged counts. Count I charges a drug trafficking conspiracy in violation of 21 U.S.C. § 846. Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846. Normally, "to prove the elements of the crime of conspiracy, the government must show the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy." *United States v. Morillo*, 158 F.3d 18, 23 (1st Cir.1998) (quoting *United States v. Gomez–Pabon*, 911 F.2d 847, 852 (1st Cir. 1990)).

Conviction of conspiracy requires proof that the defendant entered into an agreement with another to commit a crime; the agreement need not be express but may be implicit in a working relation-

ship. *United States v. Innamorati*, 996 F.2d 456, 470 (1st Cir.1993). The government must prove two kinds of intent: intent to agree and intent to commit the crime. However, "[t]he government need not prove that a co-conspirator knew all of the details or participated in all of the objectives of the plan." *Gomez–Pabon*, 911 F.2d at 853.

Count II charges Defendant with a conspiracy to commit firearms murder in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(*o*). Section 924(*o*) provides the penalty for using or carrying a firearm in relation to and in furtherance of a drug trafficking crime.[1]

Both 21 U.S.C. § 846 and 18 U.S.C. § 924(*o*) are conspiracy statutes. Thus, both accompany predicate substantive counts. The substantive charge that forms the basis of a section 846 conspiracy is 21 U.S.C. § 841(a)(1). Section 841(a)(1) makes it an offense knowingly to distribute, dispense or possess a controlled substance. 21 U.S.C. § 841(a)(1). Thus, the elements upon which a section 846 conspiracy is based are: (1) possession or distribution; and (2) intent. The substantive charge that forms the basis of section 924(*o*) is 18 U.S.C. § 924(c)(1)(A). The elements of section 924(c)(1)(A) are: (1) that a firearm be used or carried (2) in furtherance of (3) the commission of a drug offense. 18 U.S.C. § 924(c)(1)(A). Defendant contends that Count I of his indictment alleges that possessing and carrying firearms to protect narcotics and drug proceeds was part of the conspiracy and that an overt act of the conspiracy was killing Robert Caballo. Therefore, Defendant concludes that Count I alleges a conspiracy to possess with intent (1) to distribute cocaine, (2) to engage in murder and (3) the possession of firearms in relation thereto. Count II charges Defendant with a conspiracy to commit firearms murder in relation to a drug trafficking offense. Defendant maintains that Count II, in effect, alleges the same conspiracy concerning the same murder of Robert Caballo and the possession of firearms in commission of the murder.

■ We are unpersuaded by Defendant's assertions. First, the *Blockburger* test is to be applied to the underlying offense, not to the conspiracies themselves. *Albernaz v. United States*, 450 U.S. at 337, 101 S.Ct. 1137. Just a simple look at the elements of section 841 and section 924(c) clearly evinces proof of different facts. Section 841 requires either actual or constructive possession of a controlled substance while section 924(c) requires possession of a firearm. The two statutes expressly require different proof. Second, even examining them under the *Blockburger* analysis, section 846 and section 924 each requires proof of a different fact than the other. *United States v. LiCausi*, 167 F.3d 36, 46 (1st Cir.1999) (citing *Albernaz*, 450 U.S. at 333, 101 S.Ct. 1137) (holding that *Blockburger* analysis applies with equal force to multiple conspiracy charges). Section 846 requires proof of a conspiracy to commit a narcotics offense which involves possession or distribution of a controlled substance. On the other hand, section 924 requires a conspiracy to possess firearms which involves possession of a firearm. Simply because both statutes relate to narcotics crimes and concern conspiracies does not make them multiplicitous. "The primary objects of the two

---

**1.** § 922(c)(1)(a) provides, in relevant part:

any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment, of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(a).

[charged] conspiracies are different, and each of the charged crimes includes an element that the other does not." *Morris*, 99 F.3d at 479 (holding that primary objects of tax conspiracy and marijuana conspiracy were different and therefore not multiplicitous); *see also United States v. Gomez–Pabon*, 911 F.2d 847, 861–62 (1st Cir.1990) (holding that conspiracy to import cocaine was distinct offense from conspiracy to possess cocaine with intent to distribute because the "proscribed object" of each conspiracy was different); *United States v. Rodriguez*, 858 F.2d 809, 817 (1st Cir.1988) (holding that conspiracy to distribute cocaine was distinct offense from aiding and abetting the possession of cocaine with intent to distribute even though both may arise out of the same transaction).

Moreover, conspiracy statutes, *i.e.*, sections 846 and 924(*o*), are given a lenient construction. They do not require proof of an overt act in furtherance of a conspiracy. *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Therefore, "if the crimes charged are discrete offenses within the contemplation of *Blockburger*, the defendant may be prosecuted consecutively for them, even if the crimes arise out of the same conduct or nucleus of operative facts." *United States v. Morris*, 99 F.3d 476, 479 (1st Cir.1996) (citing *United States v. Parrilla–Tirado*, 22 F.3d 368, 372 (1st Cir.1994)). In this way, the analysis focuses on a pure statutory determination, not on the evidence presented. *Id.*

The legislative history of section 924(c) also leads us to this conclusion. Congress originally enacted section 924(c) as part of the Gun Control Act of 1968. Pub.L. No. 90–615, 82 Stat. 1214 (codified as amended at 18 U.S.C. §§ 921–928 and scattered sections of 26 U.S.C.) (1988 & Supp. IV 1992). In 1984, in response to the rapidly escalating crime rate, Congress enacted the Comprehensive Crime Control Act (CCCA). Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (codified as amended in scattered sections of 18 U.S.C. and 28 U.S.C.). The CCCA made several significant changes to section 924(c). Primarily, Congress amended the text to expressly indicate that section 924(c) constituted a separate offense which was punishable in addition to the predicate crime. In 1986, Congress enacted the Firearms Owners' Protection Act, which further amended section 924(c) to make its provisions applicable to drug offenses. Pub.L. No. 99–308, § 104(a)(2)(A) –(E), 100 Stat. 449, 456 (1986). Since inclusion of drug offenses, Congress has increased section 924(c)'s penalty provisions twice. *See* Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 6460, 102 Stat. 4181, 4373–74; Crime Control Act of 1990, Pub.L. No. 101–647, § 1101, 104 Stat. 4789, 4829.

Throughout the amendments of section 924(c), Congress has consistently sought to create stiffer penalties for using weapons in conjunction with drug trafficking crimes. As a result, section 924(c) ensures that all persons who commit crimes of violence in the course of drug trafficking offenses serve a consecutive mandatory incarceration sentence. The singular purpose of the statute as it now stands is to impose more severe penalties where firearms potentially or actually facilitated the commission of a drug trafficking crime. From this legislative history, it is clear that Congress intended section 924(c) to enhance and increase sentences for the predicate offense. As such, Counts I and II are not multiplicitous.

Moreover, we find Defendant's reliance on *Alerta*, at this stage in the proceedings, is misplaced. While the *Alerta* court held that it was multiplicitous to charge defendant with both a conspiracy to distribute methamphetamine and a conspiracy to use firearms in a drug trafficking offense, this was after the trial and all evidence had been presented. The court held, "[b]oth as a matter of charges and of evidence" that "there was only one conspiracy." *Alerta*, 96 F.3d at 1236. This is dissimilar to the case before us. At this preliminary

stage, we do not have the information to conclude that only one conspiracy existed. As the First Circuit has noted:

> It is a recurring question in conspiracy cases whether related illegal agreements comprise one conspiracy or several. Because the agreements are often not explicit and are regularly inferred from conduct, the courts ordinarily treat the issue as one of fact and offer various criteria that might help the factfinder distinguish: these include commonality vel non of the nature, motive, design, implementation, and logistics of the illegal activities, as well as the scope of co-conspirator involvement.

*United States v. Randazzo,* 80 F.3d 623, 629 (1st Cir.1996) (citing *United States v. Boylan,* 898 F.2d 230, 241 (1st Cir.1990)). Furthermore, courts have repeatedly upheld convictions and consecutive sentences for violations of both section 846 and section 924. *See United States v. Cleveland,* 106 F.3d 1056 (1st Cir.1997) (accepting guilty plea under both § 846 and § 924); *United States v. Miranda–Santiago,* 96 F.3d 517 (1st Cir.1996) (same); *United States v. Wihbey,* 75 F.3d 761 (1st Cir. 1996) (defendants convicted of violating both §§ 846 and 924); *cf Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) (approving consecutive sentences for a conspiracy to import marijuana under 21 U.S.C. § 963 and a conspiracy to distribute marijuana under 18 U.S.C. § 846).

## III.

Defendant alleges that Count II is duplicitous and improperly pled. He maintains that Count II reflects at least six distinct federal statutes and violates federal pleading rules.[2] Specifically, Defendant alleges that it is impermissible to reallege entire counts into other counts and Count II realleges both Counts I and III.

The necessary starting point is the *Blockburger* test. We have already determined that Counts I and II are separate because each requires proof of an additional fact that the other does not. Thus, we analyze Counts II and III.

■ Count III alleges firearms murder in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(j). We need go no further. The Supreme Court in *United States v. Braverman,* 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942), held that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous. This is because conspiracy is the crime, not the underlying conduct. *Id.; United States v. Canas,* 595 F.2d 73, 79 (1st Cir.1979) (quoting *United States v. UCO Oil Co.,* 546 F.2d 833, 835–38 (9th Cir.1976)) (noting that in drafting criminal statutes Congress is often seeking to "proscribe the prohibited result rather than particular kinds of conduct"). Here, Count II is the conspiracy charge and Count III is the underlying conduct. Such a situation is not duplicitous. "A conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object." *Braverman,* 317 U.S. at 54, 63 S.Ct. 99 (internal citations omitted). For that reason, conspiracy coupled with related substantive counts are common federal pleading practices. Furthermore, both counts require proof of an additional fact which the other does not include. Section 924(o) requires an agreement which is not a necessary factor for section 924(j), and section 924(j) requires an act of murder which is not a factor of 924(o). Count II is not duplicitous.

■ We also find that Count II does not violate the pleading requirements of Fed.R.Crim.P. 8(a).[3] Fed.R.Crim.P. 8(a).

---

**2.** Defendant alleges count II alleges violations of the following statutes:

> 18 U.S.C. §§ 924(o); 924(c)(1); 924(j); 111; and 21 U.S.C. §§ 846; 841(a)(1)

**3.** Rule 8(a) provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the of-

Rule 8(a) permits joinder in one indictment of multiple offenses charged against a single or multiple defendants. Courts generally give Rule 8(a) a broad interpretation. *See Haggard v. United States*, 369 F.2d 968, 973 (8th Cir.1966). Count II alleges a conspiracy to commit firearms murder in relation to a drug trafficking offense. There is nothing vague about the charge. Simply because a statute provides for the possibility of two distinct sentences does not render it vague. Courts have held that "overlapping sentencing provisions satisfy the notice requirements of the Due Process Clause so long as they clearly define the 'conduct prohibited and the punishment authorized.'" *United States v. Shaw*, 920 F.2d 1225, 1228 (5th Cir.1991) (quoting *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)). We find that count II has met this requirement. Furthermore, mere incorporation in a conspiracy charge of acts articulated in other counts does not violate Rule 8(a). This is so because the charged offense is the conspiracy, not the underlying conduct. *Canas*, 595 F.2d at 79. "A conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes." *Lanoue*, 137 F.3d at 662 (citing *U.S. v. Felix*, 503 U.S. 378, 390–91, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992)). As such, we find that Count II satisfies the federal pleading requirements.

fenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
Fed.R.Crim.P. 8(a).

4. Section 924(j) provides:
A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
(1) if the killing is a murder (as defined in section 1111) be punished by death or by imprisonment for any term of years or for life; and
(2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

## IV.

Defendant next alleges that Count III is duplicitous. Defendant contends that Count III charges Defendant, pursuant to 18 U.S.C. § 924(j),[4] with carrying and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) and with using a firearm to commit murder in violation of 18 U.S.C. § 1111. In essence, Defendant is alleging that section 924(j) contains more than one offense.

■ We disagree. As our earlier exploration of section 924's legislative intent demonstrates, Congress specifically enacted and amended the statute to enhance predicate sentences. *See, e.g., Deal v. United States*, 508 U.S. 129, 134, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). This is not duplicitous. Section 924 expresses Congress' intent to sentence more severely perpetrators who carry firearms in the commission of a drug trafficking crime. Section (j) is merely the sentencing provision for murder or manslaughter within this framework. Section 924(j) does not, in effect, require two separate *mens rea* at the time of commission of the crime. Rather, section (j) is a corollary provision which, upon proof of the elements of the predicate crime, in this case homicide under 18 U.S.C. § 1111, mandatorily increases the sentence.[5] *See Hunter*, 459 U.S. at

18 U.S.C. § 924(j).

5. Defendant's reliance upon *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), is misplaced. The facts in *Jones* are significantly different from Defendant's situation. Unlike the *Jones* scenario, the indictment here charges Defendant with violation of 18 U.S.C. § 924(j) and specifically alleges murder as defined in 18 U.S.C. § 1111. Therefore, Defendant's indictment does not pose a *Jones* situation. Furthermore, the *Jones* Court found that based upon the wording of the statute at issue which specified elements of different crimes established three separate offenses. As such, the separate offenses must be charged by the indictment, proven beyond a reasonable doubt and submitted to the jury for a verdict. Here,

359, 103 S.Ct. 673 (upholding a conviction under a deadly weapon statute which increased defendant's sentence by five years and under the predicate felony statute).

### V.

Defendant's fourth contention is that Count III is facially void on the grounds of due process. Specifically, he maintains that 18 U.S.C. § 924(j) fails to state: (1) a cognizable offense; (2) a discernible basis for federal jurisdiction; or (3) a definite penalty in violation of his Fifth Amendment due process right to fair notice.

Defendant bases all three claims on his previous assertion that section 924(j) combines two offenses in one statute. However, we found that section 924(j) does not assert two separate offenses. Thus, section 924(j) states: (1) a cognizable offense, homicide with a firearm in the course of a drug trafficking offense; (2) a discernible basis for federal jurisdiction, violation of federal law; and (3) a definite penalty, "death or imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1). We, accordingly, find that Defendant's fourth contention is based on an erroneous assertion and therefore unsustainable.

### VI.

Defendant's final contention is that Count II is void for failure to charge an offense. Defendant alleges that he is unable to discern precisely what the government has charged in Count II of the indictment. In essence, Defendant is arguing that the presence of specific facts alleging murder under 18 U.S.C. § 1111 make it impossible to discern the offense for which the government is charging.

We find the argument to be disingenuous and disagree. Conspiracy statutes do not require proof of an overt act in furtherance of a conspiracy. *See Shabani*, 513 U.S. at 10, 115 S.Ct. 382. Section 924(o) is a conspiracy statute. Therefore, the government need only prove an agreement to use firearms in the commission of a narcotics trafficking offense. The fact that the government included other facts in the indictment does not render it incomprehensible or void nor does it invalidate the offense charged.

### VII.

We **DENY** each of Defendant's motions. This Opinion and Order disposes of *Docket Documents Nos. 296, 297, 298, 322, 328, and 342.*

**IT IS SO ORDERED.**

the statutory provision is narrowly constructed to enhance a sentence when a firearm is used to kill someone in connection with a narcotics trafficking scheme. Section 924(j) is qualitatively different than the carjacking statute in *Jones* as it identifies sentencing factors, not elements of crimes to be proven.