[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13864
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00367-CR-T-24TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAY EL WILBURN,
a.k.a.  Jayel Wilburn,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 15, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jay El Wilburn, a federal prisoner convicted of two counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 1 and 3), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4), appeals the district court's denial of his 18 U.S.C. § 3582 motion for reduction of sentence. After review, we affirm.[1]

A district court may modify a term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

Wilburn's § 3582(c)(2) motion is based on Amendment 599, which "was promulgated in order to prevent 'double counting' for firearms use in any one criminal event." United States v. Pringle, 350 F.3d 1172, 1180 (11th Cir. 2003). Pursuant to Amendment 599, a defendant who was convicted of a § 924(c) firearm offense and an underlying offense, such as carjacking, shall not receive a guidelines enhancement for discharge of the firearm when determining the sentence for the underlying offense. U.S.S.G. app. C, amend. 599 (2003) (codified as amended at U.S.S.G. § 2K2.4 cmt. n.4); see also Pringle, 350 F.3d at 1179.

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Amendment 599 may be applied retroactively upon a § 3582(c)(2) motion. U.S.S.G. § 1B1.10(c).

Here, the district court did not err in denying Wilburn's § 3582(c)(2) motion because Amendment 599 had no effect on Wilburn's sentencing range. At sentencing, Wilburn received a seven-level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(A), for discharging a firearm during his Count 1 carjacking offense. He did not receive a similar enhancement for his Count 3 carjacking offense, which was the underlying offense for his Count 4 § 924(c) firearm offense. Thus, there was no "double-counting" prohibited by Amendment 599, and Wilburn's sentencing range remains unchanged. See Pringle, 350 F.3d at 1180 ("Amendment 599 allows for weapons enhancements for all robberies except for the one robbery that served as the basis for Pringle's § 924(c) conviction."). Because Wilburn was not eligible for a § 3582(c)(2) sentence reduction, the district court had no need to consider the 18 U.S.C. § 3553(a) factors or the policy statements in the Sentencing Guidelines. See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) (explaining that the district court considers the § 3553(a) factors only after the district court has determined that the defendant is eligible for a reduction because an amendment has lowered the guidelines range).

Finally, Wilburn's argument regarding the applicability of <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), is foreclosed by our precedent. <u>See United States v. Melvin</u>, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (concluding that <u>Booker</u> does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664).

**AFFIRMED.**