Jorge Luis BARRETO–RIVERA,
Petitioner

v.

U.S.A., Respondent.

Civil No. 09–1244(DRD).

United States District Court,
D. Puerto Rico.

March 31, 2012.

Jorge Luis Barreto–Rivera, Coleman, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

**OPINION AND ORDER**

DANIEL R. DOMINGUEZ, District Judge.

Pending before this Court is a motion filed by petitioner Jorge Luis Barreto–Rivera ("Petitioner") to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1), which was referred to Magistrate Judge Justo Arenas for a Report and Recommendation (Docket No. 10).

Upon review of Magistrate Judge's Report and Recommendation (Docket No. 12) and Plaintiff's opposition thereto (Docket No. 14), the Court hereby **ACCEPTS, ADOPTS** and **INCORPORATES** the Report and Recommendation as outlined below and **DENIES** Petitioner's motion filed under 28 U.S.C. § 2255.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2006 Petitioner was indicted on an eight-count indictment, charging him and another co-defendant in conspiracy to commit car-jacking (in violation of 18 U.S.C. § 2119(2)), the car-jacking of four vehicles (in violation of 18 U.S.C. § 2119(1) and (2)), and weapon's violations during the car-jackings (in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(2)), all acts which took place from on or about March 4, 2006 thru on or about March 9, 2006. The eight counts of the indictment are summarized as follows: (1) First Count: conspiracy to commit car-jacking from on or about March 4, 2006 thru on or about March 9, 2006; (2) Second Count: car-jacking of a gold 2005 Buick Rainier on or about March 4, 2006; (3) Third Count: car-jacking of a white 2002 Volkswagen Jetta on or about March 4, 2006; (4) Fourth Count: weapon's violation on or about March 4, 2006 in connection with the commission of the crimes included in the Second and Third

counts; (5) Fifth Count: attempted car-jacking of a light blue 2006 Mercedes SLK on or about March 5, 2006; (6) Sixth Count: weapon's violation on or about March 5, 2006 in connection with the commission of the crime included in the Fifth count; (7) Seventh Count: car-jacking of a silver 2005 B.M.W. 325 on or about March 8, 2006; and (8) Eighth Count: weapon's violation on or about March 8, 2006 in connection with the commission of the crime included in the Seventh count. (Criminal No. 06–0117(DRD), Docket No. 15).

On April 6, 2006, Petitioner entered a plea of not guilty as to all counts. (Criminal No. 06–0117(DRD), Docket No. 20); however, on September 17, 2007, Petitioner announced that he had reached an agreement with the government and would be pleading guilty. (Criminal No. 06–0117, Docket No. 106). On September 27, 2007, Petitioner entered into a plea agreement and entered a guilty plea as to counts Two, Three, Seven and Eight of the indictment. That is, three separate carjackings and one weapons charge that triggered a mandatory consecutive sentence. (Criminal No. 06–0117, Docket No. 109).

On February 21, 2008, Petitioner was sentenced to 121 months imprisonment as to counts Two, Three and Seven, and 84 months as to count Eight, for a total of 205 months. (Criminal No. 06–0117, Docket No. 131).

On March 12, 2009, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"), on two grounds: (1) that the sentencing court erred in enhancing his sentence under U.S.S.G. § 2B3.1(b)(2)(C) in violation of Amendment 599 to the United States Sentencing Guidelines; and (2) that Petitioner received ineffective assistance of counsel for failure to object to the erroneous sentence enhancement. Specifically, Petitioner av-

ers that the sentence for his car-jacking conviction under counts Two and Three were erroneously enhanced by the weapon's violation under count Eight, and that defense counsel should have served to prevent such error. (Docket No. 1, page 4.)

On July 22, 2009, the government filed a response in opposition to Petitioner's Section 2255 Motion. (Docket No. 6). In their opposition, the government denies the impermissible double counting of the charges for purposes of the Petitioner's sentencing. The government alleges that the sentencing under counts Two and Three, which relate to car-jacking offenses that occurred on March 4, 2006, were enhanced for brandishing or possessing a firearm in the commission of the acts included in counts Two and Three. The government also alleges that count Seven, the underlying charge of count Eight, relates to a separate car-jacking offense that occurred on March 8, 2006 and was not subject to any enhancement on account of brandishing or possessing a firearm in the commission of the acts included in such count because such acts were already included in count Eight. Further, the government alleges that because Petitioner failed to raise the issue at the sentencing hearing or on appeal, he should now be barred from raising the issue in a Section 2255 Motion. (Docket No. 6).

On August 21, 2009, Petitioner filed a reply to the government's response. (Docket No. 7). In the reply, Petitioner alleges that: (1) the offenses in counts Two, Three and Seven were clearly grouped in the plea agreement for sentencing purposes; (2) the sentences imposed for the grouped counts were enhanced on account of the weapon's violation; and (3) because Petitioner was also sentenced separately for the weapon's violation, there was impermissible double counting. Further, Peti-

tioner alleges that the failure to raise the issue during sentencing or on appeal is attributable to the ineffective assistance of his counsel.

On February 10, 2012, the Court referred Petitioner's Section 2255 Motion to Magistrate Judge Justo Arenas. (Docket No. 10). On February 13, 2012, Magistrate Judge Arenas entered his Report and Recommendation recommending that the Court deny Petitioner's Section 2255 Motion without an evidentiary hearing because Petitioner did not demonstrate prejudice as a result of the alleged error in the sentencing nor ineffective assistance of counsel. (Docket No. 12). Upon his review of the record in Criminal No. 06–0117(DRD), Magistrate Judge Arenas concluded that the record reflects a "conscientious defense couple[d] with a satisfactory plea agreement both for petitioner and the government at the time it was signed and at sentence." (Docket No. 12, page 14).

On March 5, 2012, Petitioner opposed the Report and Recommendation. (Docket No. 14). In his opposition, Petitioner rehashed the allegations made in his Section 2255 Motion and in the reply to the government's response, but made no specific identification as to any portion of the Report and Recommendation that Petitioner was challenging or to which an objection was made.

## II. MAGISTRATE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a), Local Rules, District of Puerto Rico; and *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Nonetheless, an adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections to the recommendations made. Fed.R.Civ.P. 72(b). In such respect, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

[w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

(Emphasis added).

■■■ "Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary of H.H.S.*, 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a de novo review, "however he was

not entitled to a de novo review of an argument never raised"); *United States v. Valencia,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

■ The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (*en banc*) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding Fed. R.Civ.P. 72(b)); *Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (finding that "when no objections are filed, the district court need only review the record for plain error").

■■ An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten [1] days of being served' with a copy of the order." *United States v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. *See Bonefont–Igaravi-*

dez v. International Shipping Corp., 659 F.3d 120 (1st Cir.2011); and *Iverson v. City of Boston,* 452 F.3d 94, 98 (1st Cir. 2006). In reviewing objections, this Court need not "consider frivolous, conclusive, or general objections." *Espada–Santiago v. Hospital Episcopal San Lucas,* Civil No. 07–2221, 2009 WL 702350 at *1 (D.P.R. 2009); *see also Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991) (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object").

■ In the instant case, Petitioner made a general objection to the entire Report and Recommendation without any specific finding or recommendation to which he was making an objection. Consequently, the Court reviews the Report and Recommendation only for plain error.

## III. ANALYSIS AND DISCUSSION

### A. Relief Under Section 2255

■ Section 2255, provides for post-conviction relief to a federal prisoner if the petitioner's sentence: (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack. 28 U.S.C. § 2255. *See also Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). A petitioner requesting post-conviction relief must show that petitioner's sentence "reveal[s] fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." *David v. United States,* 134 F.3d at 474 (citing *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468) (internal quotations omitted). Thus,

---

1. Per Local Rule 72(d), parties may object a magistrate judge's report and recommenda-

tion within fourteen (14) days after being served with the order.

"a cognizable Section 2255 claim must reveal 'exceptional circumstances' that make the need for redress evident." *Id.* The burden to show such exceptional circumstances or defects that may result in a complete miscarriage of justice lies on the petitioner. *Id. See also Mack v. United States,* 635 F.2d 20, 26–27 (1st Cir.1980). This standard is applicable to requests for relief under Section 2255 in the context of alleged errors in the application of sentencing guidelines. *See Knight v. United States,* 37 F.3d 769 (1st Cir.1994).

▆▆▆▆▆ Federal courts may grant a hearing to entertain the allegations in the request for relief. 18 U.S.C. § 2255(b). Nonetheless, "a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' " *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993) (citing *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)). *See also Barrett v. United States,* 965 F.2d 1184, 1186 (1st Cir.1992); *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir.1978). As previously stated, petitioners "bear the burden of establishing by a preponderance of the evidence that they are entitled to relief. . . . This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." *United States v. DiCarlo,* 575 F.2d at 954 (citing *Coon v. United States,* 441 F.2d 279, 280 (5th Cir.1971)).

### 1. Grounds for Section 2255 Relief

▆▆▆▆▆ Generally, in order to successfully obtain relief under Section 2255, a petitioner must show: (1) that the statute under which defendant is charged is allegedly unconstitutional (*see, e.g., Marchetti v. U.S.,* 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), *Grosso v. U.S.,* 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and *Haynes v. U.S.,* 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968)); (2) lack of jurisdiction of the court to render the judgment (*see, e.g., U.S. v. Milestone,* 626 F.2d 264, 266 (3d Cir.1980), and *Hayes v. U.S.,* 464 F.2d 1252, 1260 (5th Cir.1972)); (3) the indictment is barred by the Double Jeopardy Clause if the violation appears on the face of the record (*see, e.g., U.S. v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)); (4) that a guilty plea was the product of threats (*Machibroda v. U.S.,* 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)) or promises (*Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)); (5) that defendant was unable to comprehend the nature of the proceedings because of a language barrier (*Atilus v. U.S.,* 378 F.2d 52 (5th Cir. 1967)); (6) that prosecution knew or should have known that perjured testimony was used at the trial (*Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967)); or (7) that there has been nondisclosure by the prosecution, whether deliberate or through negligence, of evidence helpful to the defense (*U.S. v. Dula,* 989 F.2d 772, 776 (5th Cir.1993)). Moreover, the Supreme Court found that a fundamental defects inherently resulting in a complete miscarriage of justice, and/or the occurrence of exceptional circumstances where the need for the remedy afforded by Section 2255 is apparent lies in cases where an intervening change in the substantive law establishes that the conduct for which petitioner had been convicted and sentenced was now lawful. *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

▆▆▆▆▆ The following grounds have been held insufficient for granting relief under Section 2255: (1) errors in the preliminary proceedings not amounting to constitutional error (*U.S. v. Rivera,* 879 F.2d 1247,

1251 (5th Cir.1989)); (2) a plea of guilty understandingly and voluntarily entered regardless of questions of guilt or innocence (*Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)); (3) failure to comply with the formal requirements of Rule 11 for plea agreements (*U.S. v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)); (4) voluntary guilty pleas even though such plea was obtained through an involuntary confession given earlier (*see, e.g., McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), *Brady v. U.S.,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and *Traber v. U.S.,* 466 F.2d 483 (5th Cir.1972)); (5) receiving a longer or more severe sentence than anticipated by the defendant upon entering a plea of guilty (*see, e.g., Premachandra v. U.S.,* 101 F.3d 68 (8th Cir.1996)); (6) use of substantive defenses, such as entrapment (*Benthiem v. U.S.,* 403 F.2d 1009 (1st Cir.1968)) and insanity at the time of the offense (*U.S. v. Moore,* 599 F.2d 310 (9th Cir. 1979)). More specifically and relevant to the case at hand, a petitioner cannot raise allegations of misapplication of the Sentencing Guidelines in a Section 2255 Motion if petitioner's sentence is within the limits allowed by the statute, unless the petitioner alleges that: (a) his counsel was constitutionally ineffective, (b) his sentence was in excess of the maximum authorized by statute, or (c) his sentencing amounted to a miscarriage of justice. *U.S. v. Perales,* 212 F.3d 1110, 1112 (8th Cir.2000).

In order to successfully allege ineffective assistance of counsel, a petitioner in a Section 2255 Motion must show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Scarpa v. Dubois,* .38 F.3d 1, 8 (1st Cir.

1994), cert. denied, 513 U.S. 1129, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995); *Lopez–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). In order to satisfy the first prong of the *Strickland* test, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. The second test of *Strickland* focuses on whether counsel's constitutionally ineffective performance affected the sentence's imposition of a prison term. *Smullen v. U.S.,* 94 F.3d 20, 25 (1st Cir.1996) (quoting *United States v. Segler,* 37 F.3d 1131, 1137 (5th Cir.1994)).

In this case, Petitioner alleged a misapplication of the sentencing guidelines on the basis that the enhancements for brandishing or possessing a firearm in the commission of two car-jackings were contrary to the impermissible double counting of Amendment 599. Petitioner further alleged that his counsel's failure to object to the sentence enhancements constituted ineffective assistance of counsel. Yet, as noted by Magistrate Judge Arenas, Petitioner's sentence is not only within the statutory limits, but it is at the lower end of the sentencing range. (Docket No. 12, pages 12–14). Also, upon Magistrate Judge Arenas' thorough review of the record in Criminal No. 06–0117(DRD), he found that there was no showing of the alleged misapplication of the sentencing guidelines, of the occurrence of an impermissible double counting in Petitioner's sentencing, or of any error in the conduct of Petitioner's counsel. To the contrary, Magistrate Judge Arenas concluded that the record in Criminal No. 06–0117(DRD) "reflects a conscientious defense couple[d]

with a satisfactory plea agreement both for petitioner and the government at the time it was signed and at sentence", which "can hardly reflect a complete miscarriage of justice." *Id.*[2]

## IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner failed to establish that he should be granted relief under Section 2255. The Court determines that Magistrate Judge Arenas's Report and Recommendation contains an apt and thorough analysis that is devoid of plain error. Consequently, the Court **ACCEPTS, ADOPTS** and **INCORPORATES** by reference the Magistrate's Report and Recommendation (Docket No. 12) to the instant Opinion and Order.

As we have concluded that Petitioner has not satisfied the applicable test for ineffective assistance of counsel, the Petitioner's Section 2255 Motion (Docket No. 1) is hereby **DENIED** without the need for an evidentiary hearing. *See United States v. LaBonte,* 70 F.3d 1396, 1412–1413 (1st Cir.1995) ("A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and perfervid rhetoric, or if the key factual averments on which the petition depends are either inherently improbable or contradicted by established facts of record."); *see also* 28 U.S.C. § 2255 (explaining that a hearing is unnecessary when the record "conclusively shows that the prisoner is entitled to no

relief"). Judgment shall be entered accordingly.

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255. It is further **ORDERED** that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

## I. PROCEDURAL BACKGROUND

This matter is before the court on motion of petitioner Jorge Luis Barreto Rivera's motion to vacate sentence or set aside judgment under 28 U.S.C. § 2255. (Docket No. 1, filed March 12, 2009.) Petitioner also filed a memorandum of law on June 15, 2009 in support of the motion. (Docket No. 3). The United States responded to the petition on July 22, 2009. (Docket No. 6.) On August 21, 2009, petitioner filed a reply to the response to the opposition of the United States. (Docket No. 7.)

Petitioner was indicted on March 23, 2006 in an eight-count indictment, charging him and another co-defendant in the first count with (from on or about March 4, 2006 to on or about March 9, 2006) knowingly, willfully, intentionally, and unlawfully combining, conspiring, confederating

---

**2.** The Court need not go further as the Court understands the analysis of the Magistrate Judge is complete and thorough, "[w]here, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

and agreeing with each other and with diverse other persons unknown to the Grand Jury, to commit offenses against the United States, that is, defendants with the intent to cause death or inflict serious bodily harm, did knowingly, wilfully, intentionally and unlawfully combine, conspire, confederate, and agree to take motor vehicles, said motor vehicles having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of others, by force and violence, or intimidation, that is: by possessing, using, carrying, and brandishing firearms and other dangerous weapons, for monetary gain, all in violation of Title 18, United States Code, Section 2119(2).

Count Two of the indictment charges that on or about March 4, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and others unknown to the grand jury while aiding and abetting each other, with the intent to cause death or inflict serious bodily harm, knowingly, willfully, intentionally and unlawfully did take a motor vehicle, that is, a gold 2005 Buick Rainier, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of M.D.R., a female person of legal age, by force and violence, or intimidation, that is: by brandishing and pointing firearms at M.D.R., all in violation of Title 18, United States Code, Section 2119(1) and (2). Count Three charges that on or about March 4, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and others unknown to the grand jury while aiding and abetting each other, with the intent to cause death or inflict serious bodily harm, knowingly, willfully, intentionally and unlawfully did take a motor vehicle, that is, a white 2002 Volkswagen Jetta, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of J.R.S., a male person of legal age, by force and violence, or intimidation, that is: by brandishing and pointing firearms at J.R.S., all in violation of Title 18, United States Code, Section 2119(1)(2).

Count Four of the indictment charges that on or about March 4, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and others unknown to the grand jury while aiding and abetting each other, did knowingly, willfully, intentionally and unlawfully use, carry, and possess at least one firearm, to with two handguns, during, in relation and in furtherance of the commission of a crime of violence, as defined in Title 18, United States Code Section 924(c)(3), as charged in Counts Two and Three of the indictment, which may be prosecuted in a court of the United States. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) & 2. Count Five charges that on or about March 5, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and others unknown to the grand jury while aiding and abetting each other, with the intent to cause death or inflict serious bodily harm, knowingly, willfully, intentionally and unlawfully did attempt to take a motor vehicle, that is, a light blue 2006 Mercedes SLK two door convertible, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of W.T.M., a male person of legal age, by force and violence, or intimidation, that is: by brandishing, pointing and shooting a firearm at W.T.M., striking W.T.M. once in the neck and causing serious bodily injury, all in violation of Title 18, United States Code, Section 2119(1) and (2).

Count Six of the indictment charges that on or about March 5, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and others

unknown to the grand jury while aiding and abetting each other, did knowingly, willfully, intentionally and unlawfully use, carry, and possess at least one firearm, to wit: one handgun, during, in relation and in furtherance of the commission of a crime of violence, as defined in Title 18, United States Code Section 924(c)(3), as charged in Count Five of the indictment, which may be prosecuted in a court of the United States. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) & 2. Count Seven of the indictment charges that on or about March 8, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and another defendant, and others unknown to the grand jury while aiding and abetting each other, with the intent to cause death or inflict serious bodily harm, knowingly, willfully, intentionally and unlawfully did attempt to take a motor vehicle, that is, a silver 2005 B.M.W. model 325, said motor vehicle having been transported, shipped, or received in interstate or foreign commerce, from the person or presence of V.S.N., a female person of legal age, and A.S.C., a male person of legal age, by force and violence, or intimidation, that is: by brandishing and pointing firearms at V.S.N. and A.S.C., all in violation of Title 18, United States Code, Section 2119(1) and (2).

Count Eight of the indictment charges that on or about March 8, 2006, in the District of Puerto Rico and within the jurisdiction of this court, the petitioner and another defendant, and others unknown to the grand jury while aiding and abetting each other, did knowingly, willfully, intentionally and unlawfully use, carry, possess and brandish at least one firearm, to wit: two handguns, during, in relation and in furtherance of the commission of a crime of violence, as defined in Title 18, United States Code Section 924(c)(3), as charged in Count Seven of the indictment, which may be prosecuted in a court of the United

States. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) & 2.

The reason for detailing each count of the indictment is to make crystal clear the fact that petitioner is charged with car jacking a Buick, a Volkswagen, a Mercedes, and a B.M.W. in four separate incidents.

Petitioner pleaded not guilty to the charge and on September 17, 2007, petitioner announced that he had reached an agreement with the government and would be pleading guilty to four counts. (Crim. No. 06–0117, Docket No. 6). Petitioner entered a guilty plea on September 27, 2007. (Crim. No. 06–0117, Docket No. 109). Specifically, petitioner entered a guilty plea to Count Two, Count Three, Count Seven and Count Eight of the indictment. That is, petitioner pleaded guilty to three separate car jackings and a weapons charge which triggered a mandatory consecutive sentence.

On February 21, 2008, petitioner was sentenced to 121 months imprisonment as to counts two, three and seven, and 84 months as to count eight for a total of 205 months. (Crim. No. 06–0117, Docket No. 132).

Petitioner clearly and concisely raises one issue on collateral review. He maintains that the sentencing court erred in enhancing his sentence under U.S.S.G. § 2B3.1(b)(2)(C), wherein he was also convicted under 18 U.S.C. § 924(c)(1)(A)(ii) for the possession, brandishing, and discharging of the same firearm as prohibited by Amendment 599 to the United States Sentencing Guidelines, citing *Wallace v. United States,* 2006 U.S. Dist. LEXIS 35079 (1st Cir.2006); *United States v. Hickey,* 280 F.3d 65, 68 (1st Cir.2002), and *Glover v. United States,* 531 U.S. 198, 202–04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). He argues that because of his conviction under 18 U.S.C. § 924(c)(1)(A)(ii), defense

counsel should have served to prevent error because there should never have been an adjustment under U.S.S.G. § 2B3.1(b)(2)(C). (Docket No. 1 at 4.)

The government responds that since the car jackings were separate offenses, they could not be grouped together for sentencing purposes, pursuant to U.S.S.G. § 3D1.4, a grouping rule. The 5–level weapons enhancement for brandishing a fire arm was applied only to Counts Two and Three. Those two offenses were committed on the same day, March 4, 2006, and are arguably not related to the § 924(c) charge of count eight since counts seven and eight relate to a separate offense occurring on a different date, March 8, 2006, and the 924(c) charge applied to this date, without any fire arms enhancement., citing *United States v. Griffis*, 282 F.3d 443, 447 (6th Cir.2002). It denies impermissible double counting.

Petitioner replies that the offenses were clearly grouped and that therefore there was impermissible double counting.

## II. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998). A cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident. *David v. United States*, 134 F.3d at 474 (citing *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. 468).

"[A] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *United States v. McGill*, 11 F.3d 223, 226 (1st Cir.1993) (citing *Shraiar v. United States*, 736 F.2d 817, 818 (1st Cir.1984)); *see Barrett v. United States*, 965 F.2d 1184, 1186 (1st Cir.1992); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir.1978); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings. "[D]efendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief.... This includes the burden of showing that they are entitled, if they claim it, to an evidentiary hearing." *United States v. DiCarlo*, 575 F.2d at 954 (citing *Coon v. United States*, 441 F.2d 279, 280 (5th Cir.1971)).

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed a "letter-perfect defense or a successful defense...." *Lema v. United States*, 987 F.2d 48, 51 (1st Cir.1993) (citing *United States v. Natanel*, 938 F.2d 302, 309–10 (1st Cir.1991)). "[N]ot every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." *Prou v. United States*, 199 F.3d 37, 48 (1st Cir. 1999). The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Smullen v. United States*, 94 F.3d 20, 23 (1st Cir. 1996); *Knight v. United States*, 37 F.3d 769, 774 (1st Cir.1994). Under the *Strickland* test, petitioner Barreto–Rivera has the burden of showing that (1) counsel's

performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052): *see Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994); *Lema v. United States,* 987 F.2d at 51; *López–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052). There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini,* 945 F.2d 458, 468–69 (1st Cir.1991), *abrogated on other grounds by Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *cf. Panzardi–Álvarez v. United States,* 879 F.2d 975, 982 (1st Cir.1989); *López–Torres v. United States,* 876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992).

In order to satisfy the first-prong of the aforementioned test, petitioner Barreto–Rivera "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner Barreto–Rivera must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d at 23 (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052).

Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing, *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, petitioner Barreto–Rivera must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." *Knight v. United States,* 37 F.3d at 774 (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052).

In our circuit an error in the application of the sentencing guidelines needs to constitute "a complete miscarriage of justice" in order for section 2255 relief to be available. *See Knight v. United States,* 37 F.3d at 774. In other words, collateral attacks to the application of the sentencing guidelines can not be validly brought unless the guidelines' application constitute "a complete miscarriage of justice." The record belies petitioner's argument that he was poorly represented at the sentencing stage of the case and petitioner fails to establish a valid claim for ineffective assistance with respect to the sentencing process. I explain.

Pursuant to Guideline Section 3D1.4, the grouping rule, each count was treated as a separate group for purposes of determining the combined offense level. The com-

bined offense level was determined to be 35. Petitioner then received a three level decrease for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) & (b). The total adjusted offense level was 32, and with a Criminal History Category of I, the guideline range was 121 to 151 months. Petitioner was sentenced at the lower end of the sentencing range and then received the 84–month consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(ii). Eighty-four months was the statutory minimum term.

## AMENDMENT 599

■ Pursuant to Amendment 599, a defendant convicted of a § 924(c) and an underlying offense, such as car jacking, shall not receive a guidelines enhancement for discharge of the firearm when determining the sentence for the underlying offense. U.S.S.G. app. C, amend. 599 (2003). *See United States v. Wilburn*, 325 Fed.Appx. 761, 762 (11th Cir.2009). In *Wilburn*, the court noted that the defendant received a 7–level enhancement for discharging a firearm in the car jacking count 1, but did not receive a similar enhancement in another car jacking in count 3, which was the underlying offense for count 4, the § 924(c) firearms offense. Thus there was no "double-counting" prohibited by Amendment 599. *See e.g. United States v. Hickey*, 280 F.3d at 66–67. Similarly, in *United States v. Pringle*, 350 F.3d 1172 (11th Cir.2003), the court noted that it would be impermissible double counting for the court to convict and sentence a defendant under 18 U.S.C. 2113 (bank robbery), impose a separate sentence for use of a firearm during that robbery under 18 U.S.C. 924(c), and *also* apply a weapons enhancement to the 2113 conviction for a co-conspirator's use of a firearm during the same robbery. *Id.* at 1180; *also see United States v. Hatcher*, 2011 WL 806421 (M.D.Fla.2011)(The defendant was convicted of two separate car jackings on two different dates with differ-

ent victims, but was convicted under 18 U.S.C. 924(c) in connection with only one car jacking. A 6–level enhancement was properly applied to a car jacking count because that count was not the basis for the 924(c) conviction, just as in this case.) To place the matter more simply, Amendment 599 does not bar any firearms-related enhancement. It bars a firearms enhancement for a defendant convicted of a 924(c)(1) count and its underlying count, and only then if both counts cite use or possession of the same weapon. *See e.g. United States v. Ferguson*, 2009 WL 1765975 (N.D.Okla.2009) at 2. Petitioner's conviction in Count Eight refers to Count Seven as its underlying count. Counts Seven and Eight refer to a car jacking which occurred on or near March 8, 2006. That is, petitioner was convicted under Count Seven but not enhanced under Count Seven but rather was enhanced under Counts Two and Three, this according to the Presentence Investigation Report. The car jacking concerning Counts Two and Three occurred on or near March 4, 2006. (Crim. No. 06–117, Docket No. 132). Furthermore, this configuration is reflected in the plea agreement which was negotiated between the petitioner and the United States. (Crim. No. 06–117, Docket No. 109). Amendment 599 is therefore not applicable to petitioner's sentence adjustments and enhancements.

This record can hardly reflect a complete miscarriage of justice. Petitioner was sentenced within the allowable sentencing range, indeed at the lower end. The enhancements did not involve double counting because Counts Two and Three were not the predicates for the 924(c) count.

## III. CONCLUSION

Petitioner Jorge Luis Barreto Rivera has demonstrated neither objectively ineffective assistance of counsel nor preju-

dice. There is nothing in the record that suggests that the actions of petitioner's attorney fell outside the wide range of reasonable professional assistance. Contrariwise, the case reflects a conscientious defense couple with a satisfactory plea agreement both for petitioner and the government at the time it was signed and at sentence.

In view of the above, I recommend that petitioner's motion brought under 28 U.S.C. § 2255 be DENIED without an evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992).